UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVERLYNN KINKEAD,
    *Plaintiff*,

    v.

HUMANA, INC. and SENIORBRIDGE
FAMILY COMPANIES (CT), INC.,
    *Defendants*.

No. 3:15-cv-01637(JAM)

**RULING DENYING MOTION TO DISMISS**

This case raises a basic but well-settled question about the intersection of law and time. In 2013, the U.S. Department of Labor (DOL) promulgated a new administrative rule to expand the class of workers to whom employers must pay higher wages for overtime work under the Fair Labor Standards Act (FLSA). The rule had an effective date of January 1, 2015. But just as the rule was to take hold, a federal district judge in the District of Columbia vacated the rule on the ground that it was inconsistent with the statute. The DOL appealed, and several months later the D.C. Circuit reversed the district court's decision. The Supreme Court has recently denied certiorari.

Although the legal validity of the rule is now clear, a temporal question lingers about what date the rule should be considered to have taken effect. Are employers like the defendants in this case liable to pay overtime only from the date that the D.C. Circuit's mandate issued in October 2015 to overturn the district court's decision that vacated the rule? Or are employers liable to pay overtime as of the agency's initial effective date in January 2015?

I conclude that the rule took effect on the effective date set forth by the agency. This conclusion follows from long-established law that gives retroactive effect to federal judicial decisions. Indeed, "[t]he principle that statutes operate only prospectively, while judicial

decisions operate retrospectively, is familiar to every law student." *United States v. Sec. Indus. Bank*, 459 U.S. 70, 79 (1982). Accordingly, insofar as defendants seek dismissal on a theory that would negate the agency's choice of an effective date and preclude retroactive application of the D.C. Circuit's decision, I will deny defendants' motion to dismiss the complaint in this case.

## BACKGROUND

From 2011 to May 2015, plaintiff worked for defendants as a home healthcare worker who performed "companionship services" work. Companionship services workers provide in-home care to elderly or disabled people who need help caring for themselves. Plaintiff's hours varied from week to week, but she alleges that in some weeks—including some weeks during the five months that she was employed from January to May 2015—she worked more than 40 hours per week. Plaintiff complains that she was not paid overtime for the excess hours she worked in 2015, despite a new rule from the DOL that required third-party employers like defendants to pay overtime for companionship services workers as of January 1, 2015.

The FLSA's overtime pay requirements apply to most domestic service workers but, prior to 2015, third-party employers like the defendants in this case were exempt from this requirement for their companionship services workers. *See generally Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007). In 2013, the DOL used its rulemaking power to remove the companionship services exemption for workers who provided such services by means of third-party employer arrangements; the DOL explained that "[t]o better ensure that the domestic service employees to whom Congress intended to extend FLSA protections in fact enjoy those protections, the new regulatory text precludes third party employers (e.g., home care agencies) from claiming the exemption for companionship services or live-in domestic service employees." *Application of the Fair Labor Standards Act to Domestic Service,* 78 FR 60454-01; *see also* 29

C.F.R. § 552.109 ("Third party employers of employees engaged in companionship services . . . may not avail themselves of the minimum wage and overtime exemption . . . even if the employee is jointly employed by the individual or member of the family or household using the services."). The DOL set an effective date for its new rule of January 1, 2015. *See* 29 C.F.R. §552.109.

A lobbying group of home healthcare corporations (not directly including defendants) challenged the DOL's new rule in the United States District Court for the District of Columbia. *See Home Care Ass'n of Am. v. Weil*, 76 F. Supp. 3d 138 (D.D.C. 2014). The court vacated the DOL's new rule, concluding for reasons not at issue here that the DOL's rule was in conflict with the FLSA. *See ibid.*

In August 2015, the D.C. Circuit reversed the district court's vacatur of the regulation, concluding that the new rule was grounded in a reasonable interpretation of the FLSA and that it was neither arbitrary nor capricious. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084 (D.C. Cir. 2015). The D.C. Circuit's mandate issued in October 2015, and the Supreme Court recently denied certiorari late last month in June 2016. *See Home Health Care Ass'n of Am. v. Weil*, 2016 WL 3461581 (S. Ct. June 27, 2016). In response to the D.C. Circuit's decision, the DOL announced a delay in its own enforcement efforts for the new rule, but did not take any action to amend or alter the effective date of the new rule.

In the meantime, soon after the D.C. Circuit's mandate issued, plaintiff filed her complaint in this action that is now before me. As noted, plaintiff seeks overtime wages solely for periods of time from January to May 2015, a range of dates that falls between the agency's effective date for the rule and the D.C. Circuit's later reversal of the district court's vacatur of the rule. Defendants have now moved to dismiss, contending that—because of the district court's

vacatur of the rule during the entire time that plaintiff worked in 2015—they have no duty to pay overtime wages to plaintiff.

### DISCUSSION

As an initial matter, plaintiff contends that defendants may not seek any benefit from the district court's vacatur of the DOL rule because neither plaintiffs nor defendants were parties to the proceedings before the district court in the District of Columbia. I do not agree. The Administrative Procedure Act authorizes a federal court to "set aside" unlawful agency action, such as the agency's promulgation of a rule that is arbitrary or capricious, that exceeds the agency's authority or limitations under a statute, or that is otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A) & (C); *see, e.g.*, *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117 (2016). This language bespeaks an authority to set aside an entire rule, not merely to preclude its enforcement in a particular case.

Moreover, when a court vacates an agency's rule, such a vacatur "restores the status quo before the invalid rule took effect, and the agency must initiate another rulemaking proceeding if it would seek to confront the problem anew." *Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004); *see also Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) (*per curiam*) (noting that "[t]o vacate, as the parties should well know, means to annul; to cancel or rescind; to declare, to make, or to render, void; to defeat; to deprive of force; to make of no authority or validity; to set aside," and that vacatur "had the effect of reinstating the rules previously in force"); *Resolute Forest Products, Inc. v. U.S. Dep't of Agric.*, 130 F. Supp. 3d 81, 103-04 (D.D.C. 2015) (discussing district court's discretion to vacate a regulation or to remand to the agency for further consideration while in the interim leaving the regulation in effect).

In light of the fact that the district court vacated the new rule, it is not surprising that defendants refrained from paying overtime to plaintiff while the district court's decision remained valid. But, of course, the district court ruling was promptly challenged in the D.C. Circuit, and the real question here is whether the D.C. Circuit's subsequent reversal of the district court's vacatur means that defendants became liable to pay plaintiff overtime for the periods that she worked while the district court's decision had been in effect. The answer to this question follows from the well-established rule that judicial decisions are presumptively retroactive in their effect and operation. The ruling of the Supreme Court or of a federal court of appeals within its geographical jurisdiction "is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993); *see also Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758-59 (1995) (re-affirming *Harper* and rejecting authority of a court absent "special circumstances" to circumvent retroactive application of a judicial decision by means of invoking its remedial discretion).

Despite defendants' arguments that they relied on the district court's decision, any such reliance would not justify a non-retroactive application of the D.C. Circuit's ruling. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 215 (2d Cir. 2010) (noting that the Supreme Court has identified only two classes of cases in the qualified immunity and *habeas corpus* contexts "that may justify suspending the ordinary presumption in favor of retroactivity" of judicial decisions); *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 & n.7 (2d Cir. 2009) (despite fact that "the parties relied on [prior overruled decision] when structuring their transactions, the Supreme Court has held that a reliance interest is insufficient to overcome

the presumption of retroactivity set forth in *Harper*"); *Heartland By-Products, Inc. v. United States*, 568 F.3d 1360, 1365 (Fed. Cir. 2009) (federal appellate court's ruling reversing lower court's invalidation of higher tariff rates applied retroactively to tariff rates for imports prior to appellate court's ruling); *National Fuel Gas Supply Corp. v. F.E.R.C.*, 59 F.3d 1281, 1288 (D.C. Cir. 1995) (rejecting argument that D.C. Circuit's prior vacatur of an administrative decision should not apply retroactively absent "the most compelling circumstances"); *see generally* Daniel H. Conrad, *Filling the Gap: The Retroactive Effect of Vacating Agency Regulations*, 29 Pace Envtl. L. Rev. 1 (2011) (suggesting strong reasons supporting retroactivity of judicial vacatur of agency regulations).[1]

Nor am I persuaded as a practical matter that defendants have any justifiable reliance interests that would warrant protection here. The DOL allowed more than a year from its promulgation of the new rule in 2013 until its effective date in 2015; defendants had ample notice of the obligations to be imposed by the new rule. Although defendants might have hoped that the district court's decision would spare them from having to pay overtime, they were doubtlessly aware of a likelihood that the D.C. Circuit would do just what appellate courts often do—reverse the decision of a district court.

## CONCLUSION

Defendants' motion to dismiss is DENIED.

---

[1] In view of the ample case law that compels retroactive application of the D.C. Circuit's decision, I am not persuaded to the contrary by defendant's reliance on a district court decision from Oregon. *See MCI Telecommunications Corp. v. GTE Nw., Inc.*, 41 F. Supp. 2d 1157, 1161 (D. Or. 1999).

It is so ordered.

Dated at New Haven this 19th day of July 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge