UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVERLYNN KINKEAD, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                                 Case No.   3:15-cv-01637

HUMANA, INC.; HUMANA AT HOME,
INC.; and SENIORBRIDGE FAMILY
COMPANIES (CT), INC.,

      Defendants.                       August 3, 2016

## REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FRCP 26(f)

| | |
|---|---|
| Complaint Filed: | November 10, 2015 |
| Complaint Served on Humana, Inc.: | November 18, 2015 |
| Complaint Served on Humana at Home, Inc.: | November 18, 2015 |
| Complaint Served on Senior Bridge Family Companies (CT), Inc.: | November 20, 2015 |
| Defendant's Appearance: | December 8, 2015 |

     Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. Local Civil Rule 16, a conference was held on August 2, 2016 to discuss the report.[1]  The participants were:

                For the Plaintiff:     Philip Bohrer, Esq.

                For the Defendants:  William Grob, Esq.; Jennifer Monrose Moore, Esq.; and William C. Ruggiero, Esq.

---

[1] Defendant filed a timely motion to dismiss, which was heard by the Court with supplemental briefing thereafter. During this time period, the case was stayed upon joint motion pending resolution of this potentially dispositive motion.  Such order, dated July 19, 2016, denied Defendant's motion, and the parties have resumed their obligations under the rules.

I.    **CERTIFICATION**

Undersigned counsel certifies that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and have developed the following proposed case management plan.  Counsel further certifies that they have forwarded a copy of this report to their clients.

II.   **JURISDICTION**

A.    **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the Fair Labor Standards Act.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

B.    **Personal Jurisdiction**

Defendants do not contest personal jurisdiction in this matter.

III.  **BRIEF DESCRIPTION OF CASE**

A.    **Claims of Plaintiff**

This is an individual and putative collective action pursuant to §216(b) of  the Fair Labor Standards Act of 1938, as amended (FLSA) (29 U.S.C. §201 et seq.), and a FRCP 23 Class Action pursuant to the Connecticut Minimum Wage Act.   Plaintiff seeks to recover, individually and for all similarly situated workers, unpaid overtime, liquidated damages, attorney fees and costs.  Plaintiff was employed by Defendants as a home health care worker who provided companionship services for the elderly, ill or disabled until her termination of employment in May 2015. Plaintiff alleges that she and other putative class members regularly worked more than 40 hours a week. The U.S. Department of Labor adopted regulations in October 2013, establishing that

2

certain domestic-service workers such as the Plaintiff and Class Members who are employed by third-party employers are no longer exempt from the Fair Labor Standards Act's (FLSA) minimum wage and overtime requirements effective January 1, 2015. 29 C.F.R. §552.109(a). Plaintiff alleges that Defendants did not pay her and other putative class members overtime wages beginning on January 1, 2015.

**B.      Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant**

Defendants deny that they violated the FLSA, or any law, or that Plaintiff is entitled to any of the relief she seeks in this action. Defendants further assert that the FLSA regulations through which Plaintiff seeks compensation were not in effect during the term of her employment, and on July 29, 2016, Defendants filed their Motion for Permission to File Interlocutory Appeal (ECF No. 58) of the Court's Order of July 19, 2016, denying their motion to dismiss. Defendants deny that collective or class certification is appropriate in this matter.

**IV.      STATEMENT OF UNDISPUTED FACTS**

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At present, the parties agree to stipulate to any allegations that Defendants admit in their Answer to Plaintiff's Complaint. The parties expect that the discovery process will enable them to reach an agreement with respect to additional facts prior to trial.

**V.      CASE MANAGEMENT PLAN**

**A.      Standing Order on Scheduling in Civil Cases**

Defendants moved pursuant to 28 U.S.C. §1292(b) for an Order certifying its July 19, 2016, order denying Defendants' motion to dismiss Plaintiff's complaint and to stay proceedings in this Court pending the Second Circuit's resolution of the appeal.  (*See* ECF No. 58.)  Plaintiff

opposes Defendants' motion and will file her opposition on or before August 19, 2016 (ECF No. 59.)Since the Court's ruling on Defendants' motion may affect any deadlines set by the Court, the parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1.      The parties do not agree as to the procedure for filing of the Motion for Conditional Certification of an FLSA Collective Action and Notice to the class, or any other motion to certify any claim herein as a class action:

> a.   Plaintiff suggests that she file a Motion for Conditional Certification of an FLSA Collective Action and Notice to the Class on or before August 19, 2016.
>
> b.   Defendants suggest that due to the pendency of the Motion for Interlocutory Appeal and request for stay, that motions for certification, conditional or otherwise, be filed within thirty (30) days of any of the following events: (a) this Court's denial of  Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.  **Defendants will agree to a tolling agreement for the applicable period to avoid any prejudice to Plaintiff and the putative class, if applicable.**

2.      The parties will submit a revised proposed scheduling order addressing the timing of discovery, representative discovery, time for Rule 23 Class Certification, Joinder of Parties,

Amendment of Pleadings, and Dispositive Motions within thirty (30) days of any of the following events: (a) this Court's denial of  Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

      **B.**      **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

      **C.**      **Early Settlement Conference**

1.      The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.      The parties will submit a revised proposed scheduling order addressing proposed early settlement conference within thirty (30) days of any of the following events: (a) this Court's denial of Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

      **D.**      **Joinder of Parties and Amendment of Pleadings**

1.      The parties will submit a revised proposed scheduling order addressing the timing of discovery, representative discovery, time for Rule 23 Class Certification, Joinder of Parties, Amendment of Pleadings, and Dispositive Motions within thirty (30) days of any of the following events: (a) this Court's denial of  Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay;

(c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

   **E.**   **Discovery**

   1.      The parties anticipate that discovery will be taken on the following subjects: (a) Plaintiff's work hours and pay; (b) work hours and pay of putative class members; (c) contact information of putative class members; and (d) Defendants' defenses.

            a.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will commence within fifteen (15) days of any of the following events: (a) this Court's denial of  Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

            b.  Defendants believe that discovery should be conducted in phases, with Phase One discovery limited to the merits of the named Plaintiff's individual claims and class action/collective action certification issues and, in the event that this matter proceeds as a class and/or collective action, Phase Two discovery to cover the merits of Plaintiff's class/collective action claims.

                Plaintiff contends that discovery should not be conducted in phases.

            c.  *See* response to Paragraph E(d).

d. The parties anticipate that the Plaintiff will require a total of approximately 3-5 depositions of fact witnesses and that the Defendants will require a total of approximately 3-5 depositions of fact witnesses, reserving the right to call additional witnesses. The depositions may commence, as appropriate, beginning fifteen (15) days of any of the following events: (a) this Court's denial of Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

e. The parties do not anticipate the need to request permission to serve more than 25 interrogatories but reserve the right to seek permission from the Court to exceed that limit.

f. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2). The parties request that a deadline for Plaintiff to designate a trial expert enter following the conditional certification stage of these proceedings.

g. Defendants may call expert witnesses at trial. The parties request that a deadline for Defendant to designate a trial expert enter following the conditional certification stage of these proceedings.

7

h.  A damages analysis will be provided by any party who has a claim or counterclaim for damages no later than thirty (30) days after completion of discovery.

i.  Undersigned counsel have discussed the disclosure and preservation of electronically stored information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information (ESI).  Parties may exchange electronically stored information by any method which is convenient for the parties.  The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery, considering what is proportional to the needs of the case. The parties appreciate that information handled by Plaintiff and Defendants may be sensitive in nature. The parties are willing to work together to make sure such personalized data is not improperly disseminated and are willing to enter into an appropriate protective order.

j.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after productions.   Pursuant to Fed. R. Evid. 502(d), the production or disclosure of material (including documents and

electronically stored information) subject to a claim of attorney-client privilege or work product protection shall not constitute a waiver of the attorney-client privilege or work product protection, in this or any other proceeding, unless (a) the production or disclosure was made with the expressed intent by the producing party to waive the attorney-client privilege or work product protection or (b) the party making the production or disclosure has affirmatively used or relied on the specific material that is subject to the claim of attorney-client privilege or work product protection.

k. The inadvertent production of any document or thing shall be without prejudice to any claim that such document or thing is protected by the attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any rights by inadvertent production. If a producing party discovers that material protected by the attorney-client privilege or work product doctrine has been inadvertently produced, counsel for the producing party shall promptly give written notice to counsel for the receiving party. The receiving party shall immediately take steps to ensure that all originals and known copies of such privileged materials are returned to the producing party. The receiving party may afterward contest the claim of privilege or work product as if the materials had not been

produced, but shall not assert that a waiver occurred as a result of the production. The parties have agreed to submit a mutually agreeable protective order that will, among other things, protect any private, confidential and/or proprietary information that is exchanged during the discovery process.

**F.     Dispositive Motions**

The parties will submit a revised proposed scheduling order addressing proposed schedules for dispositive motions within thirty (30) days of any of the following events: (a) this Court's denial of Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

**G.     Joint Trial Memorandum**

The parties will submit a revised proposed scheduling order with a deadline for filing the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases within thirty (30) days of any of the following events: (a) this Court's denial of  Defendants' Motion to Certify the July 19, 2016 decision denying their Motion to Dismiss; (b) this Court's denial of Defendants' Motion to Stay; (c) the Second Circuit's denial of Defendants' Request for Leave to File an Interlocutory Appeal; or (d) the Second Circuit's affirmance of this Court's ruling on the Motion to Dismiss.

**VI.     TRIAL READINESS**

The case will be ready for trial three (3) months after the Court's decision on dispositive motions.

The undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, DAVERLYNN KINKEAD

BY: */s/Philip Bohrer*_____
       Philip Bohrer, Esq.                                    Dated: August 4, 2016


DEFENDANT, SENIOR BRIDGE FAMILY
COMPANIES (CT), INC., ET AL.


BY: */s/William C. Ruggiero*_____
       William C. Ruggiero                                   Dated: August 4, 2016

11

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on August 4, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Philip Bohrer*
Attorney

25712790.1