UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVERLYNN KINKEAD, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

HUMANA, INC.; HUMANA AT HOME,
INC.; and SENIORBRIDGE FAMILY
COMPANIES (CT), INC.,

    Defendants.

Case No.   3:15-cv-01637

September 2, 2016

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CERTIFY THE COURT'S JULY 19, 2016 ORDER FOR INTERLOCUTORY APPEAL, AND FOR A STAY PENDING APPEAL

Defendants, HUMANA, INC.; HUMANA AT HOME, INC.; and SENIORBRIDGE FAMILY COMPANIES (CT), INC. (collectively, "Defendants"), hereby submit this Reply Memorandum in further support of their Motion to (1) certify its order of July 19, 2016 denying Defendants' motion to dismiss (ECF No. 57, hereinafter referred to as the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and (2) staying proceedings in this Court pending the Second Circuit's resolution of the § 1292(b) appeal.

The regulation sued upon was not yet in effect at the time of the events sued upon. Before the regulation's effective date, a federal district court vacated the regulation, preventing it from going into effect (until such time as the district court was reversed and the regulation became effective after mandate issued.) The case thus presents a pure issue of law. Defendants have pointed out they cannot be liable for violating a regulation that was not yet in effect at the time they supposedly violated it, and they have cited legal authority for that proposition. Nonetheless, this Court relied on other legal authority to deny the motion to dismiss, which reliance

Defendants contend is misplaced because that other authority addresses a materially different legal situation. Because there is substantial ground for difference of opinion, exemplified by this Court's disagreement with other federal courts (district and appellate) and the Department of Labor, Defendant has asked for § 1292(b) certification so that the Second Circuit may resolve the issue before, rather than after, the parties and this Court become mired in complex litigation.

Plaintiff really disputes only one of the three criteria for §1292(b) certification -- *i.e.* whether there is a substantial ground for difference of opinion about the controlling legal issue.[1] But there can be no doubt there is substantial ground for difference of opinion here. Indeed, this Court stands alone in finding that a vacated regulation, later reinstated, should be given the same retroactive effect as would a changed judicial interpretation of an unchanged regulation. The situations are drastically different because the instant issue involves a regulation not in place at all during the relevant time, while the authority relied upon by this Court involves only what happens when there is a different judicial understanding of a regulation that itself had always been in place. It is one thing for a later court to tell an employer that the law has always meant one thing (and that a lower court was simply mistaken in its interpretation), but a far different thing for a court to tell an employer it will be bound by a regulation that another court had, indisputably within its power, rendered vacated and thus ineffective. Whatever the Second Circuit may ultimately conclude, it belies credulity to pretend there is no substantial basis for a difference of opinion.

In fact, two other district courts faced with the precise issue in this case have ruled directly opposite to this Court. *See Flamer v. Maxim Healthcare Services, Inc.*, Case No, 1:15-cv-02070-FFM, at Doc. No. 25 (D.C. Md. 2015); *Bangoy v. Total Healthcare Solutions, LLC,*

---

[1] The other two criteria are satisfied because if the regulation at issue cannot be given retroactive effect – *i.e.* if it cannot be sued upon for conduct occurring before it became effective by virtue of the reversal of the district court order that vacated it – then the case is over.

Case No. 1:15-cv-00573-SSB, at Doc.No. 17, p. 5 (S.D. Ohio 2015). Those district court opinions, in turn, rely on statements by the United States Court of Appeals and the Department of Labor regarding the same vacated regulation, and on basic legal principles set forth by the United States Supreme Court. Although Plaintiff attempts to discount the contrary opinions of the two other federal district courts, those attempts are misguided. It is quite clear from those opinions that the other district courts held that a defendant cannot be liable for violating the regulation during a time that the regulation was vacated and thus was not in effect (and indeed had yet to go into effect). Moreover, the law relied on in those other cases further underscores the substantial ground there is for a difference of opinion with this Court's Order.

In *Flamer* the district court directly addressed the legal issue when it held that the defendant's motion to strike was "well-founded because the effective date of the regulation referred to in the motion could not become effective on January 1, 2015 [the original effective date, prior to which the regulation was vacated]." *Flamer*, 1:15-cv-02070-FFM, at Doc. No. 25. Moreover, the district court was explicit that it granted the motion based defendant's memorandum filed in support of defendant's motion to strike. Among the memorandum's points were these: (1) in the very case in which the D.C. Circuit reinstated the vacated regulation, the Court of Appeals stated that the employer "could make use of the companionship-services exemption" during the time of the vacatur. *Weil*, 2015 WL 4978980, at *4 (D.C. Cir.); and (2) the Department of Labor itself stated subsequent to the D.C. Circuit's decision that: (a) "the mandate should be issued expeditiously so that the final rule can be implemented." ; and (b) "the Court of Appeals opinion . . . does not take effect immediately . . . [but] becomes effective 52 days after the opinion was issued. (www.dol.gov/whd/homecare/litigation.htm)." *Flamer*, 1:15-cv-02070-FFM, at Doc. No. 19, p. 6. In other words, both the Court of Appeals for the District of

3

Columbia (which reinstated the regulation) and the Department of Labor (which authored and enforces the regulation) made clear they do not think the regulation was in effect during the period of vacatur.

The district court in *Bangoy* was even more direct: "when the district court vacated the rule before its effective date, it became a nullity and unenforceable." *Bangoy,* 1:15-cv-00573-SSB, at Doc.No. 17, p. 5. Citing the Supreme Court, the *Bangoy* court further held: "permitting Plaintiffs to recover for a violation of the rule while the vacatur was in effect would give the rule an impermissible retroactive effect." *Id.* at p. 6-7 (citing *Fernandez-Vargas v. Gonzales,* 548 U.S. 30, 37 (2000). The *Bangoy* court also found that the Department of Labor's position "strongly suggests that the rule should not be given retroactive effect." *Id.* at p. 6.

It does no good for Plaintiff to repeat, mantra-like, that this Court has already considered and rejected Defendant's position. Defendant's motion does not ask this Court to change its mind (although the Court certainly retains the power to do so). Defendant's motion accepts this Court's ruling, and simply requests the right to appeal that ruling now so that the Second Circuit can consider and resolve the issue before, rather than after, the parties and the Court go any further down the path of complex litigation that may prove to be a waste of resources.

For the same reasons of judicial economy, the matter should be stayed pending the interlocutory appeal. If the Second Circuit reverses on the legal issue, the litigation will be over. Plaintiff does not disagree. Moreover, there is no particular prejudice to Plaintiff in waiting for appellate resolution of the dispositive legal issue. For example, there are no ongoing (alleged) violations. Moreover, Defendant agrees to toll the statute of limitations pending appeal, so that the passage of time will not implicate the statute of limitations for any putative plaintiffs. Plaintiff claims that the putative plaintiffs are transients who will be difficult to locate in the

future, but Plaintiff offers no support for this speculation. Moreover, Plaintiff has ignored that, unlike absent class members in a putative Rule 23 class action, absent putative plaintiffs from a purported FLSA collective action have no legal interest in this case. *See Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 1532 (2013).

For these reasons, as well as the reasons articulated in Defendants' memorandum in support of their motion for stay and to certify the Order for Interlocutory Appeal and the briefing associated with Defendants' Motion to Dismiss, Defendants respectfully submit that the matter be stayed and certified for interlocutory appeal.

Dated this 2nd day of September, 2016.

*Respectfully submitted,*

*/s/Jennifer Monrose Moore*

WILLIAM E. GROB
Florida Bar Number 0463124
(*Pro Hac Vice*)
E-mail: william.grob@ogletreedeakins.com
JENNIFER MONROSE MOORE
Florida Bar Number 035602
(*Pro Hac Vice*)
E-mail: jennifer.moore@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: 813.289.1247
Facsimile: 813.289.6530

AND

MARC L. ZAKEN
Connecticut Bar Number 03110
E-mail: marc.zaken@ogletreedeakins.com
WILLIAM C. RUGGIERO

Connecticut Bar Number 29248
E-mail: william.ruggiero@ogletreedeakins.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, Connecticut 06901
Telephone: 203.969.3112
Facsimile: 877.229.7662

COUNSEL FOR DEFENDANTS HUMANA, INC., HUMANA AT HOME, INC.; AND SENIORBRIDGE FAMILY COMPANIES (CT), INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 2, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Monrose Moore*
Jennifer Monrose Moore

25910095.3