UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD,<br>    *Plaintiff*,<br><br>    v.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.,<br>    *Defendants*. | No. 3:15-cv-01637(JAM) |

### RULING GRANTING MOTION FOR CERTIFICATION AND STAY

Pursuant to 28 U.S.C. § 1292(b), defendants have moved to certify this Court's order of July 19, 2016, denying their motion to dismiss. *See Kinkead v. Humana, Inc.*, -- F. Supp. 3d -- , 2016 WL 3950737 (D. Conn. 2016). Specifically, defendants seek review of my conclusion that the federal administrative regulation that is allegedly applicable to this case took effect on January 1, 2015. Defendants also move for a stay pending appeal. For the reasons that follow, I will grant defendants' motion for certification and for a stay pending any interlocutory appeal.

#### BACKGROUND

As discussed in my prior ruling, the U.S. Department of Labor (DOL) promulgated a new administrative rule in 2013 to expand the class of workers to whom employers must pay higher wages for overtime work under the Fair Labor Standards Act (FLSA). The rule had an effective date of January 1, 2015. But just as the rule was to take hold, a federal district judge in the District of Columbia vacated the rule on the ground that it was inconsistent with the statute. The DOL appealed, and several months later the D.C. Circuit reversed the district court's decision, issuing its mandate in October 2015. The Supreme Court subsequently denied certiorari.

Plaintiff brought this putative class action to recover pay for overtime hours she worked between January and May 2015 as a home health care worker employed by defendants at a facility in Connecticut. Because plaintiff falls within the expanded class of workers covered by the new administrative rule—and because plaintiff seeks overtime pay for work performed between the rule's stated effective date in January 2015 and the D.C. Circuit's mandate reversing the district court's vacatur of the rule in October 2015—defendants' liability in this case hinges on the date that the rule is determined to have taken effect.

In their motion to dismiss, defendants argued that employers were liable to pay overtime only from the date that the D.C. Circuit's mandate issued in October 2015. In opposition, plaintiff argued that—notwithstanding the interim vacatur of the rule by the D.C. district court—that the D.C. Circuit's decision had retroactive effect, fully reinstating the agency's effective date for the new rule to impose liability on employers as of January 1, 2015.

On July 19, 2016, I denied defendants' motion to dismiss. I concluded that the D.C. Circuit's decision reversing the district court's vacatur applied retroactively, and therefore the new rule took effect on the effective date set forth by the agency. My decision was based on the well-established principle that judicial decisions "must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993).

Defendants have now moved to certify my July 19 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and for a stay pending appeal. *See* Doc. #58. Plaintiff opposes defendants' motion for certification and stay. *See* Doc. #65.

## DISCUSSION

This Court may certify an otherwise non-appealable order for interlocutory review if the order "[1] involves a controlling question of law as to which [2] there is substantial ground for

2

difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (internal brackets added). Certification is permitted "only when [the] three enumerated factors suggesting importance are all present." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1696 (2015). Even if a district court certifies an order for appeal under § 1292(b), the party seeking review "still has the burden of persuading the court of appeals" to take the appeal, and "[t]he appellate court may deny the appeal for any reason, including docket congestion." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

With respect to the first factor, I agree with both plaintiff and defendants that "a controlling question of law" is involved here. "It is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). If the Second Circuit were to find that the DOL's new rule did not take effect until October 2015, then plaintiff's complaint would be dismissed, and the case would be terminated. This question is therefore not only controlling, but potentially outcome-dispositive.

Skipping ahead to the third factor, I find that an immediate appeal may materially advance the ultimate termination of this litigation. Plaintiff seeks to certify a nationwide class of similarly situated employees who worked for defendants and were denied overtime pay during the time period in question. If the Second Circuit were to reverse my order on interlocutory appeal, the litigation would be terminated, and the parties would be spared the expensive and time-consuming process of class certification and discovery. And if the Second Circuit were to uphold my order, the parties would be spared an appeal on this central issue at the conclusion of

the district court proceedings. *See* Doc. #58-1 at 13 (indicating that defendants intend to appeal my July 19 order as a matter of right at the conclusion of the proceedings).

The closest question here concerns the second factor: whether there is a "substantial ground for difference of opinion" about whether the DOL regulation took effect as of January 1, 2015, rather than as of the later date when the D.C. Circuit's mandate issued. The retroactivity of an appellate court's reinstatement of an administrative rule that has been previously vacated by a district court appears to be an issue of first impression in this circuit.

Moreover, district courts elsewhere across the country have reached conflicting conclusions when presented with this question in the context of the particular DOL rule at issue in this case. Two district courts from Maryland and Ohio have found—albeit with little explanation—that the DOL's new rule did not go into effect prior to the D.C. Circuit's mandate.[1] More recently, another district court from Iowa has agreed with my conclusion that the DOL's rule took effect on January 1, 2015.[2]

Given the emerging divergence among district courts, the lack of authoritative guidance from the Second Circuit, and the apparent novelty of the question, I find that a substantial ground for difference of opinion exists here. This is not to say that I am at all persuaded by defendants' arguments on their merits, but only that I think there to be reasonable grounds for a difference of opinion as evidenced in large part by the differing conclusions reached by some district courts.

---

[1] *See* Doc. #14-2 at 2, *Flamer v. Maxim Healthcare Svcs., Inc.*, Case No. 1:15-cv-02070-JFM (D. Md. Oct. 26, 2015), ECF No. 25 (granting defendant's motion to strike "because the effective date of the regulation . . . could not become effective on January 1, 2015"); *Bangoy v. Total Healthcare Solutions, LLC*, 1:15-cv-00573-SSB (S.D. Ohio Dec. 21, 2015), ECF No. 16 (granting motion to dismiss because "when the district court vacated the rule before its effective date, it became a nullity and unenforceable").

[2] *See* Doc. #70-1, *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Society*, Case No. 3:15-cv-00026 (S.D. Iowa Sept. 21, 2016), ECF No. 46 ("the Court adopts the extremely well-reasoned opinion of Judge Meyer and concludes that the effective date of the Final Rule is January 1, 2015").

Moreover, the issue presented involves liability imposed by a nationwide rule with implications well beyond solely the parties in the case before me. In my view, guidance from the Second Circuit could prove highly significant to the resolution of claims pursued by many similarly situated workers under the FLSA for the period from January to October 2015. As the Second Circuit has noted, if the three factors of § 1292(b) are established and if a case "involves a new legal question or is of special consequence, then the district court should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013); *see also Klinghoffer*, 921 F.2d at 24 ("in exercising our discretion under the statute, we may properly consider the system-wide costs and benefits of allowing the appeal"); *see also In re Auction Houses Antitrust Litig.*, 164 F. Supp. 2d 345, 348 (S.D.N.Y. 2001) (considering whether the issue "extend[s] beyond [the parties'] immediate interests" or is a problem "of broad practical significance" in determining whether to grant certification). Accordingly, I will grant defendants' motion to certify for interlocutory appeal my ruling of July 19, 2016.

Defendants also request a stay of the proceedings pending appeal. In determining whether to issue a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (*per curiam*). The Second Circuit has noted that "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one [factor] excuses less of the other." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (alteration in original).

In balancing the four factors, I find that a stay pending appeal is warranted in this case. First, this appeal raises a nuanced legal question of apparent first impression. Although it remains my view that the D.C. Circuit's decision applies retroactively, I find that defendants have demonstrated "more than a mere possibility that relief will be granted," *Nken v. Holder*, 556 U.S. 418, 420 (2009), given the diverging district court opinions and the novelty of the legal question. With respect to the second factor, defendants contend that absent a stay, they will be required to expend time and resources on litigation that could ultimately prove unnecessary. But because "litigation costs do not rise to the level of irreparable injury," *Strougo v. Barclays PLC*, 2016 WL 3702740, at *3 (S.D.N.Y. 2016), I find that this factor weighs against a stay. On the other hand, I find that the third factor weighs in favor of a stay. Plaintiff will not be substantially injured by a stay, given that she is seeking past wages for a discrete time period and is not suffering continuing harm. In fact, I find it to be in all parties' interests—as well as in the public interest—to resolve this dispositive question before the parties and the Court expend additional resources on class certification and discovery.[3] The public interest, then, also weighs in favor of a stay. Additionally, the motivation underlying my decision to grant certification—the desire to resolve this issue before the parties engage in potentially unnecessary litigation—would be undermined without an accompanying stay.

## CONCLUSION

For the foregoing reasons, defendants' motion (Doc. #58) to certify for appeal my ruling of July 19, 2016, and for a stay pending any interlocutory appeal is GRANTED. Defendants have

---

[3] Plaintiff argues that under FLSA, the statute of limitations will continue to run on each putative class member's claim until he or she files a written consent to join the action, and thus the putative class members will be harmed by a stay. Doc. #65 at 10-11. But defendants have agreed to toll the statute of limitations pending appeal. Doc. #69 at 4. In light of the tolling agreement, I do not find that putative class members will be harmed by a stay. Plaintiff additionally argues that class members will be harmed because home health care workers tend to be transient and will be more difficult to locate after the appeal. Although I am sympathetic to this concern, I do not find that it weighs strongly enough to preclude a stay.

ten days from the date of this order to apply for certification of their appeal to the Court of Appeals. *See* 28 U.S.C. § 1292(b).

It is so ordered.

Dated at New Haven this 13th day of October, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge