# GOLDER EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD,<br>individually and on behalf of all<br>others similarly situated,<br>    Plaintiff<br><br>v.<br><br>HUMANA, INC., HUMANA AT<br>HOME, INC., AND SENIORBRIDGE FAMILY<br>COMPANIES (CT), INC.,<br>    Defendants | CIVIL NO.: 3:15-cv-01637 (JAM) |

## DECLARATION OF ROBBI V. MATUSZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION CONDITIONAL CERTIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Robbi V. Matusz, under penalties of perjury and in accordance with 28 U.S.C. 1746 does hereby declare as follows:

1. My name is Robbi V. Matusz. I am an adult duly competent to make this declaration.

2. I am a Payroll Consultant in HR Operations for Humana, Inc. In that role, I am familiar with how different subsidiary entities compensate workers. This affidavit is based on my personal knowledge and my review of business records. I am submitting this affidavit in opposition to Plaintiffs Daverlynn Kinkead and Grenesha Upton's ("Plaintiffs") request to send a court approved Notice to all current and former health care workers employed by Humana, Inc., Humana at Home, Inc., and SeniorBridge Family Companies (CT), Inc. and/or any of its or their affiliated entities who worked more than 40 hours in at least one workweek while employed as exempt companions ("Proposed Class") between January 1, 2015 and October 12, 2015 ("Relevant Time Period").

3. Defendants Humana, Inc. and Humana at Home, Inc. (collectively "Humana") are parent companies that did not directly employ home health aides or caregivers, the Proposed Class members, during the Relevant Time Period. Humana at Home, Inc. is a subsidiary of Humana Inc. Various subsidiary companies of Humana at Home, Inc. in different states with different corporate names directly employed home health aides. Some of the

approximate 30 subsidiary companies of Humana at Home, Inc. were "SeniorBridge" entities, while others had different corporate names. Some of these subsidiaries employed Proposed Class members during the Relevant Time, while other subsidiaries did not. Plaintiffs' Proposed Class in this matter potentially includes about 3300 individuals employed by approximately eight separate subsidiary corporations.

4. Home health aides working for entities under the Humana at Home umbrella were classified and compensated differently, on a state-by-state basis, during the Relevant Period. These aides are employed by a state-specific entity, and not by Humana At Home Inc. or Humana Inc. This results in vastly different treatment of aides on a state-by-state basis.

5. Plaintiff Kinkead was employed by Defendant SeniorBridge Family Companies (CT), Inc. during the Relevant Time Period. Opt-in Plaintiff Grenesha Upton was employed by SeniorBridge Family Companies (MO), Inc. during the Relevant Time Period.

6. Many home health aides employed in Connecticut by SeniorBridge Family Companies (CT), Inc. did not work more than 40 hours in any workweek during the Relevant Time Period. The same is true for home health aides employed in Missouri by SeniorBridge Family Companies (MO), Inc.

7. Attached to this Declaration as Exhibit A are payroll records for an individual, who, like Plaintiff Kinkead, worked as a home health aide in Connecticut for SeniorBridge Family Companies (CT), Inc. during the Relevant Time Period. This home health aide did not work more than 40 hours in any workweek during the Relevant Time Period.

8. Based on my analysis of records for SeniorBridge Family Companies (CT), Inc., a significant number of home health aides employed by that entity did not work more than 40 hours in any weeks during the Relevant Time Period.

9. Home health aides employed in a number of states by their respective entities have always been classified as "non-exempt" and/or received overtime premiums for hours worked above 40 in a workweek. For example, for home health aides working in Illinois, Maryland, Massachusetts, New Jersey, New York, North Carolina, Pennsylvania, and Texas, their employing corporate entities had a policy during the Relevant Period of classifying these workers as "non-exempt" and/or paying overtime premiums for hours worked over 40 in a week.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 13, 2017

ROBBI V. MATUSZ

4841-2811-2706, v. 1

# MATUSZ EXHIBIT A

**Earnings History**     01-01-15 to 10-16-15
REDACTED

| PAYDATE | Total Hours | Total Amount |
|---|---|---|
| 02-Jan-2015 | 7.75 | $89.13 |
| 09-Jan-2015 | 11 | $126.50 |
| 16-Jan-2015 | 12 | $138.00 |
| 23-Jan-2015 | 11.75 | $135.13 |
| 30-Jan-2015 | 0 | $0.00 |
| 06-Feb-2015 | 10.25 | $117.88 |
| 13-Feb-2015 | 13 | $149.50 |
| 20-Feb-2015 | 12 | $138.00 |
| 27-Feb-2015 | 14.5 | $166.75 |
| 06-Mar-2015 | 15 | $172.50 |
| 13-Mar-2015 | 10.25 | $117.88 |
| 20-Mar-2015 | 11 | $126.50 |
| 27-Mar-2015 | 14.75 | $169.63 |
| 03-Apr-2015 | 20 | $230.00 |
| 10-Apr-2015 | 16.5 | $189.75 |
| 17-Apr-2015 | 22.5 | $258.75 |
| 24-Apr-2015 | 22.5 | $258.75 |
| 01-May-2015 | 18.75 | $215.63 |
| 08-May-2015 | 29.75 | $342.13 |
| 15-May-2015 | 31.75 | $342.13 |
| 22-May-2015 | 29.5 | $339.25 |
| 29-May-2015 | 28.5 | $322.00 |
| 05-Jun-2015 | 32 | $359.38 |
| 12-Jun-2015 | 25 | $287.50 |
| 19-Jun-2015 | 23.25 | $267.38 |
| 26-Jun-2015 | 31 | $356.50 |
| 02-Jul-2015 | 25 | $287.50 |
| 10-Jul-2015 | 26.25 | $290.38 |
| 17-Jul-2015 | 36.5 | $419.75 |
| 24-Jul-2015 | 0 | $0.00 |
| 31-Jul-2015 | 27.5 | $316.25 |
| 07-Aug-2015 | 11.5 | $138.00 |
| 14-Aug-2015 | 4 | $48.00 |
| 21-Aug-2015 | 17.75 | $213.00 |
| 28-Aug-2015 | 0 | $0.00 |
| 04-Sep-2015 | 36 | $456.00 |
| 11-Sep-2015 | 0 | $0.00 |
| 18-Sep-2015 | 0 | $0.00 |
| 25-Sep-2015 | 14 | $172.00 |
| 02-Oct-2015 | 3.5 | $49.00 |
| 09-Oct-2015 | 3 | $42.00 |
| 16-Oct-2015 | 8.25 | $99.00 |
| Grand Total | 687.5 | $7,947.43 |

# GOLDER EXHIBIT B

```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
                                              DOC #:_____
                                              DATE FILED: 11/7/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TONI PULVER, individually and on behalf of all
others similarly-situated,

                          Plaintiff,

  -against-

CAFUA MANAGEMENT COMPANY L.L.C.
d/b/a DUNKIN' DONUTS, CAFUA & LEAL
MANAGEMENT COMPANY, LLC d/b/a
DUNKIN' DONUTS, and FIFTH DONUTS, LLC
d/b/a DUNKIN' DONUTS,

                          Defendants.
------------------------------------------------------------- x

**ORDER**

15 Civ. 8022 (AKH)

       On October 28, 2016, the parties submitted for my approval a stipulation regarding certification of a collective action as well as a proposed notice to the putative collective.

       Paragraph 7 of the proposed stipulation states that upon this Court's approval of the stipulation, the parties "agree to mediate Plaintiff's own claims, and the claims of any Manager Trainee who files a timely opt-in form to join this litigation." It is not the practice of this Court to order parties to participate in mediation. Mediation must be voluntary or it should not occur at all. The parties shall revise the stipulation to reflect as much.

       Regarding the proposed notice, the parties have not used the notice template attached to this Court's individual rules. *See* Rule 6. The parties shall resubmit a proposed notice that conforms to the substance of the template. In particular, the notice must make the recipients' options clear. In addition to joining this collective action or doing nothing, members of the putative collective may also choose to bring their own separate lawsuit. Similarly, the notice must make clear that it is a putative members' choice whether to be represented by

plaintiffs' counsel or not. The parties shall submit a revised notice no later than November 23, 2016.

Lastly, on November 4, 2016, the parties submitted a joint letter asking me to rule on whether plaintiffs are permitted to send a "reminder mailing" at their own expense to putative collective action members who did not opt in during the first thirty days of the notice period. *See* Dkt. No. 35. Plaintiffs' request for permission to send a second mailing is denied. A recipient could misinterpret a second mailing as the Court's endorsement of the collective action or a preference that putative collective members opt in. Absent a showing of prejudice, plaintiffs' request is therefore denied.

SO ORDERED.

Dated:  New York, New York
        November 7, 2016

ALVIN K. HELLERSTEIN
United States District Judge

# GOLDER EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   -------------------------------------X
                                          :
 4   KLEIN, et al.,                       :  15-CV-04443 (JFB)(ARL)
                                          :
 5                    Plaintiffs,         :
                                          :  100 Federal Plaza
 6              v.                        :  Central Islip, New York
                                          :
 7   WEATHERPROOFING TECHNOLOGIES, INC.,  :  January 29, 2016
                                          :
 8                    Defendant.          :
     -------------------------------------X
 9
            TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONIC CONFERENCE
10                BEFORE THE HONORABLE JOSEPH F. BIANCO
                     UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Plaintiffs:      GARRETT D. KASKE, ESQ.
                              Shulman Kessler, LLP
14                            534 Broadhollow Road
                              Suite #275
15                            Melville, New York 11747

16   For the Defendant:       ROBERT STEVEN WHITMAN, ESQ.
                              ADAM JEREMY SMILEY, ESQ.
17                            Seyfarth Shaw, LLP
                              620 Eighth Avenue
18                            New York, New York 10018

19   Court Transcriber:       RUTH ANN HAGER, C.E.T.**D-641
                              Typewrite Word Processing Service
20                            211 N. Milton Road
                              Saratoga Springs, New York 12866
21

22

23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
```

1  notice. As I noted at the oral argument, I don't believe I've
2  ever ordered a reminder notice before and I gave it some
3  thought. And I know there are some judges who apparently it's
4  becoming the "trend," but I'm not persuaded that a reminder
5  notice is necessary and I do have concerns that it might seem
6  like judicial encouragement for someone to get a second notice
7  to opt in.
8      So no specific need has been demonstrated here why
9  such a reminder would be necessary and, therefore, I'm not
10 going to order a reminder notice.
11     Okay. I think that resolves all the issues, so how
12 long do you need to provide the contact information? Three
13 weeks? Three weeks sufficient?
14     MR. WHITMAN: Yes. Your Honor, this is Mr. Whitman
15 for the defendant. That would be sufficient.
16     THE COURT: Okay. So we'll say that it should be
17 provided by the 19th of February. Okay.
18     Are there any other issues for today from the
19 plaintiff's counsel?
20     MR. KASKE: No, Your Honor. No, Your Honor. Thank
21 you.
22     THE COURT: All right. Anything else for the
23 defense?
24     MR. WHITMAN: Your Honor, we don't -- we probably
25 don't need to resolve it today on this call, but there may