# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, Individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.<br><br>                    Defendants. | Case No.: 3:15-cv-01637(JAM) |

## CONSENT STIPULATION ON CONDITIONAL CERTIFICATION AND NOTICE

Plaintiff, Daverlyn Kinkead ("Plaintiff"), and Defendants, Humana Inc., Humana at Home, Inc. and SeniorBridge Family Companies (CT), Inc. ("Defendants") (collectively, the "Parties"), by and through their respective counsel, hereby inform the Court that the Parties have stipulated to conditional certification of this matter as a collective action and the form and method by which notice will be provided to putative collective members. The Parties respectfully request that the Court enter the below Stipulation in an Order on Conditional Certification and Notice to the Putative Class in accordance with the attached Proposed Consent Order.

In support of this request, the Parties would show the Court the following:

1. On November 10, 2015, Plaintiff filed her Complaint against Defendants in this action. The Complaint asserts a claim for unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a). The FLSA claim was filed as a putative collective action under 29 U.S.C. § 216(b).

2. On August 19, 2016, Plaintiff filed a Motion to conditionally certify this matter as a collective action (Dkt. 66) and sought the Court's approval of a Notice and Consent Form ("Notice") to be distributed to potential class members.

3. Defendants filed their Memorandum in Opposition to Plaintiff's Motion on February 13, 2017. (Dkt. 100). In its opposition, Defendants raised various objections to Plaintiff's Motion and to the content and method of providing notice to potential collective members.

4. The Parties have conferred on the issues regarding conditional certification and notice and have reached an agreement on all contested matters. Accordingly, the Parties agree and stipulate as follows (the "Stipulation"):

(a) For purposes of conditional certification, the collective action shall be defined as: "All current and former home healthcare employees of Humana at Home, Inc. and/or SeniorBridge Family Companies who 1) were classified as FLSA exempt 2) were not paid time and a half for all hours worked over 40 in a workweek between January 1, 2015 and October 13, 2015 and 3) worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015." To be clear, the putative class does not include anyone who did not work more than 40 hours in a week between January 1, 2015 and October 13, 2015.

(b) Within fourteen (14) business days after the Court enters an Order on Conditional Certification and approves the form and content of the Notice, Defendants will provide to Plaintiff's counsel an Excel or other similar spreadsheet list of the names, last known mailing addresses of all putative collective members ("Class List").

(c) Within seven (7) business days following Plaintiff's counsel's receipt of the list of names and addresses, Plaintiff's counsel shall mail the Notice to all individuals

identified on the list provided by Defendants' counsel. The Notice and Consent Form shall be in the form attached hereto as **Exhibits 1 and 2**. Plaintiff's counsel shall notify Defendants' counsel on the day that the Notice is mailed, and provide Defendants' counsel with a copy of the Notice materials as mailed.

(d) The opt-in period shall end sixty (60) days from the date that Plaintiff's counsel mails the Notice to potential class members. Prior to mailing, Plaintiff's counsel shall insert the date of mailing, as well as the deadline to return the Notice, in the appropriate spaces in the Notice. No other changes to the Notice are authorized.

(e) In the event Notice is returned as undeliverable, Plaintiff's counsel shall notify Defendants' counsel of the name of the person whose Notice was returned and provide a copy of the returned envelope. Within five (5) business days thereafter, Defendants' counsel shall provide Plaintiff's counsel with that person's date of birth, last 4 digits of the Social Security Number, if known, for the sole purpose of conducting a "skip trace." If the skip trace results in an updated address for that individual Plaintiff's counsel shall then be allowed to re mail the Notice, Consent Form and Postcard to that person at the updated address.

(f) Thirty (30) days after the initial mailing of the Notice, Plaintiff's counsel shall be authorized to mail a Postcard Reminder Notice, in the form attached hereto as **Exhibit 3**, to those individuals who have not returned their Consent Forms.

(g) Notwithstanding the forgoing, this Stipulation shall not constitute a waiver of or limitation on any claims or defenses the parties may have, including, but not limited to, Defendants' right to later move for decertification of the collective action.

  (h) The Parties agree that the Class List is confidential information and can only be used for purposes of sending notice in this case as outlined above.  After the window identified in paragraph (d) above has closed, counsel for Plaintiffs shall return the Class List to counsel for Defendants, and shall confirm that neither Plaintiffs nor Plaintiffs' counsel has retained any copy thereof.

 For these reasons, the Parties respectfully request that the Court enter the above-referenced Stipulation as an Order on Conditional Certification in accordance with the Proposed Order attached hereto as **Exhibit 4**.

Dated: May 8, 2017        Respectfully Submitted:


              By: /s/ Philip Bohrer
                Philip Bohrer
                State Bar No.: 00792914
                Scott E. Brady
                BOHRER BRADY, LLC
                8712 Jefferson Highway, Suite B
                Baton Rouge, LA 70809
                Telephone: (225) 925-5297
                Facsimile: (225) 231-7000
                Email: phil@bohrerbrady.com
                Email: scott@bohrerbrady.com

                  **and**

        Dan Getman (ct22515)
        Michael J.D. Sweeney, Esq.
        GETMAN, SWEENEY & DUNN, PLLC
        9 Paradies Lane
        New Paltz, NY 12561
        Telephone: (845) 255-9370
        Facsimile: (845) 255-8649
        Email: dgetman@getmansweeney.com
        Email: msweeney@getmansweeney.com

        *Counsel for Plaintiff*


By: /s/ David R. Golder
        David R. Golder   (ct 27941)
        golderd@jacksonlewis.com
        Noel Tripp (*pro hac vice*)
        trippn@jacksonlewis.com
        JACKSON LEWIS P.C.
        90 State House Square, 8th Floor
        Hartford, Connecticut 06103
        Telephone: (860) 522-0404
        Facsimile: (860) 247-1330

        *Counsel for Defendants*