# EXHIBIT "4"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.<br><br>Defendants. | Case No.: 3:15-cv-01637(JAM) |

## PROPOSED ORDER ON CONDITIONAL CERTIFICATION AND NOTICE TO THE PUTATIVE CLASS

This matter comes before the Court on the parties' Consent Stipulation on Conditional Certification and Notice.

On May 8, 2017, the parties submitted a Consent Stipulation on Conditional Certification and Notice, in which they informed the Court that they had reached a resolution of all disputed issues regarding conditional certification and notice and requested that the Court enter their stipulation as an order of the Court. Having considered the parties' submissions, and in light of the parties' consent stipulation to all disputed issues, Plaintiff's Motion to conditionally certify this matter as a collective action is hereby **GRANTED** as follows:

1. This case is conditionally certified as a FLSA collective action pursuant 29 U.S.C. §216(b), defined as follows:

> All current and former home healthcare employees of Humana at Home, Inc. and/or SeniorBridge Family Companies who 1) were classified as FLSA exempt 2) were not paid time and a half for all hours worked over 40 in a workweek between January 1, 2015 and October 13, 2015 and 3) worked more than 40 hours in at least one workweek within between January 1, 2015 and October 13, 2015.

2. The Court approves the Notice and Consent form, attached as Exhibits "1" and "2" to the parties' Stipulation.

3. Within fourteen (14) business days of the date of this Order, Defendants shall provide to Plaintiff's counsel an Excel or other similar spreadsheet list of the names and last known mailing addresses of all potential collective members.

4. Within seven (7) business days following Plaintiff's counsel's receipt of the list of names and addresses, Plaintiff's counsel shall mail the Notice to all individuals identified on the list provided by Defendants' counsel. Plaintiff's counsel shall notify Defendants' counsel on the day that the Notice is mailed and provide Defendants' counsel with a copy of the Notice materials as mailed.

5. The opt-in period shall end sixty (60) days from the date that Plaintiff's counsel mails the Notice. Prior to mailing, Plaintiff's counsel shall insert the date of mailing, as well as the deadline to return the Notice, in the appropriate spaces in the Notice. No other changes to the Notice are authorized.

6. In the event a mailed Notice is returned as undeliverable, Plaintiff's counsel shall notify Defendants' counsel of the name of the person whose Notice was returned and provide a copy of the returned envelope. Within five (5) business days thereafter, Defendants' counsel shall provide Plaintiff's counsel with that person's date of birth, and last 4 digits of the Social Security Number, if known, for the sole purpose of conducting a "skip trace." If the skip trace results in an updated address for that individual, Plaintiff's counsel shall then be allowed to re-mail the Notice, Consent Form and Postcard to that person at the updated address.

7. Thirty (30) days after the initial mailing of the Notice, Plaintiff's counsel shall be authorized to mail a Postcard Reminder Notice, in the form attached as Exhibit "3" to the parties'

Stipulation, to those individuals who have not returned their Consent Forms.

IT IS SO ORDERED this _____ day of _____, 2017.

_____
JUDGE, UNITED STATES DISTRICT COURT