UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVERLYNN KINKEAD, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.    Case No. 3:15-cv-01637

HUMANA, INC.; HUMANA AT HOME,
INC.; and SENIORBRIDGE FAMILY
COMPANIES (CT), INC.,

    Defendants.    October 2, 2017

## REPORT OF PARTIES' PLANNING MEETING
## PURSUANT TO FRCP 26(f)

| | |
|---|---|
| Complaint Filed: | November 10, 2015 |
| Complaint Served on Humana, Inc.: | November 18, 2015 |
| Complaint Served on Humana at Home, Inc.: | November 18, 2015 |
| Complaint Served on Senior Bridge Family Companies (CT), Inc.: | November 20, 2015 |
| Defendant's Appearance: | December 8, 2015 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. Local Civil Rule 16, a conference was held on September 20, 2017 to discuss the report. The participants were:

    For the Plaintiff:    Philip Bohrer

    For the Defendants:    David R. Golder

**I.**    **CERTIFICATION**

Undersigned counsel certifies that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other

resolution of the case and have developed the following proposed case management plan. Counsel further certifies that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the Fair Labor Standards Act. Plaintiffs assert that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 Defendants dispute the appropriateness of supplemental jurisdiction over Plaintiffs' current proposed state law claims.

### B. Personal Jurisdiction

Defendants do not contest personal jurisdiction in this matter.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

This is a collective action pursuant to §216(b) of the Fair Labor Standards Act of 1938, as amended (FLSA) (29 U.S.C. §201 et seq.), and a putative FRCP 23 Class Action pursuant to the Connecticut Minimum Wage Act and, if Plaintiff's Motion for Leave to Amend (Dkt. 170) is granted, the New York Labor Laws. Plaintiff and the Class Members seek to recover unpaid overtime, liquidated damages, attorney fees and costs. Plaintiff and the Class Members were employed by Defendants as home health care workers who provided companionship services for the elderly, ill or disabled. Plaintiff alleges that Defendants did not pay her and the Class Members overtime wages beginning on January 1, 2015, in violation of 29 C.F.R. §552.109(a) and Connecticut and

New York state laws. The Court conditionally certified this matter as a collective action on May 8, 2017. The opt in period has now ended and 187 individuals have opted into this action.[1]

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant

Defendants deny that they violated the FLSA, or any law, or that Plaintiff is entitled to any of the relief she seeks in this action. Defendants further assert that the FLSA regulations through which Plaintiff seeks compensation were not in effect during the term of her employment. Defendants deny that collective or class certification is appropriate in this matter. Defendants object to Plaintiff's proposed amended complaint (and the proposed additional claims set forth therein) on numerous grounds, to be set forth more fully in their opposition to be filed on or before October 10, 2017.

## IV. STATEMENT OF UNDISPUTED FACTS

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At present, the parties agree to stipulate to any allegations that Defendants admit in their Answer to Plaintiff's Complaint. The parties expect that the discovery process will enable them to reach an agreement with respect to additional facts prior to trial.

---

[1] As noted in this report, many of these opt-in plaintiffs filed late consent forms, and Defendants reserve their rights to strike such opt-in consents.

V.  **CASE MANAGEMENT PLAN**

    A.  **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.  **Scheduling Conference with the Court**

The parties do request a pretrial conference by telephone with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

    C.  **Early Settlement Conference**

        1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.  The parties do not request an early settlement conference.  If a conference is requested in the future, the parties prefer a settlement conference with the Magistrate Judge or a private mediator selected by the parties.  The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 16 at this time.

    D.  **Joinder of Parties and Amendment of Pleadings**

        1.  Plaintiffs' position is that the Parties may file motions to amend their pleadings or join additional parties no later than November 17, 2017.  The Parties reserve all rights to oppose said motions on grounds other

than timeliness. For example, as noted, Defendants oppose Plaintiffs' pending motion to amend.

2. Defendants' position is that the lawsuit has been pending for close to two years and the time to amend the pleadings or join additional parties has passed.

3. As noted, Plaintiff has continued to file Consents to Join this action after the August 6, 2017 deadline to opt-in. (*See, e.g.*, Doc. #156-162, 165-168). Defendants reserve all rights with respect to these individuals, including the right to challenge whether they are properly joined to the instant action.

E. **Discovery**

a. The parties anticipate that discovery will be taken on the following subjects: (a) Plaintiff and opt-in Plaintiffs' work hours and pay; (b) work hours and pay of putative class members in Connecticut and, if Plaintiff's motion to amend is granted, New York; (c) Defendants' defenses; (d) the relationship between all Defendant entities; (e) the employer status of all Defendant entities; (f) Defendants' knowledge and understanding of the effective date of 29 C.F.R. 552; (g) Defendants' compliance with 29 C.F.R. 552; (h) Defendants' payroll practices regarding payment of overtime within the class period; (i) Rule 23 class certification issues; (j) whether Defendants committed a knowing violation of the FLSA or Connecticut or (if Plaintiff's motion to amend is granted) New York labor law; and (k) Defendants' knowledge of the FLSA and state wage and hour laws;

    b.    All discovery, including depositions of experts pursuant to Fed. R. Civ. P. 26(b)(4) will be commenced immediately and completed by August 31, 2018..

    c.    Discovery will not be conducted in phases.

    d.    Discovery on all issues will be completed by August 31, 2018..

    e.    Plaintiff anticipates she will require a total of 5 to 10 depositions of fact witnesses, including a 30(b)(6) corporate deposition of each Defendant. Defendants anticipate they will require a total of 60 depositions of facts witnesses (and additional depositions should Plaintiff's motion to amend be granted). The depositions will commence immediately and be completed by August 31, 2018..Plaintiff reserves the right to object to Defendants request to depose individual collective or class members.

    f.    The parties do not anticipate the need to request permission to serve more than 25 interrogatories on any individual party (Plaintiff, opt-in Plaintiff, or Defendant) but reserve the right to seek permission from the Court to exceed that limit.

    g.    Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P 26(a)(2) by April 30, 2018. Depositions of such experts will be completed by August 31, 2018.

    h.    Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from

|   |   |
|---|---|
|   | retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by May 31, 2018. Depositions of such experts will be completed by August 31, 2018. |
| i. | A damages analysis will be provided by any party who has a claim or counterclaim for damages (including each opt-in Plaintiff) no later than September 28, 2018. |
| j. | Undersigned counsel have discussed the disclosure and preservation of electronically stored information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information (ESI). Parties may exchange electronically stored information by any method which is convenient for the parties. The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery, considering what is proportional to the needs of the case. The parties appreciate that information handled by Plaintiff and Defendants may be sensitive in nature. The parties are willing to work together to make sure such personalized data is not improperly disseminated and have entered into an appropriate protective order. |
| k. | Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after productions. Pursuant to Fed. R. Evid. 502(d), the production or disclosure of |

material (including documents and electronically stored information) subject to a claim of attorney-client privilege or work product protection shall not constitute a waiver of the attorney-client privilege or work product protection, in this or any other proceeding, unless (a) the production or disclosure was made with the expressed intent by the producing party to waive the attorney-client privilege or work product protection or (b) the party making the production or disclosure has affirmatively used or relied on the specific material that is subject to the claim of attorney-client privilege or work product protection.

1. The inadvertent production of any document or thing shall be without prejudice to any claim that such document or thing is protected by the attorney-client privilege or protected from discovery as work product, and no producing party shall be held to have waived any rights by inadvertent production. If a producing party discovers that material protected by the attorney-client privilege or work product doctrine has been inadvertently produced, counsel for the producing party shall promptly give written notice to counsel for the receiving party. The receiving party shall immediately take steps to ensure that all originals and known copies of such privileged materials are returned to the producing party. The receiving party may afterward contest the claim of privilege or work product as if the materials had not been produced, but shall not assert that a waiver occurred as a result of the production. The parties have submitted a protective order that will, among other things,

protect any private, confidential and/or proprietary information that is exchanged during the discovery process.

**F.     Dispositive Motions**

Dispositive motions will be filed on or before September 28, 2018.

**G.     Class Certification Motions**

Plaintiff shall file Motions for Rule 23 Class Certification by April 30, 2018.

**H.     Joint Trial Memorandum**

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed twenty-one days before trial.

**VI.    TRIAL READINESS**

The case will be ready for trial by October 31, 2018, if no dispositive motion is filed or within 60 days from a ruling denying a dispositive motion if such a motion is filed.

The undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, DAVERLYNN KINKEAD

BY: */s/Philip Bohrer*
    Philip Bohrer,                                              Dated: October 2, 2017
    Michael J.D. Sweeney


DEFENDANT, SENIOR BRIDGE FAMILY
COMPANIES (CT), INC., ET AL.

BY: */s/ David R. Golder*
    Noel P. Tripp                                               Dated: October 2, 2017
    David R. Golder

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on October 2, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Philip Bohrer*
Attorney

4844-1859-5665, v. 1

25712790.1