UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, and CLAUDE MATHIEU, individually and on behalf of all others similarly situated; <br> Plaintiffs, <br> vs. <br><br> HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC. <br><br> Defendants. | Case No. 3:15-cv-01637 (JAM) <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) and CLASS ACTION PURSUANT TO FRCP 23 |

**PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Daverlynn Kinkead and Claude Mathieu, individually and on behalf of all other similarly situated current and former employees of Defendants, bring this Collective and Class Action against Defendants, Humana, Inc., Humana at Home, Inc., and SeniorBridge Family Companies (CT), Inc. and allege as follows:

**I.**

**OVERVIEW**

1. Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. They bring these claims as a collective action on behalf of themselves and all current or former home healthcare workers employed by Defendants since January 1, 2015 who were not paid overtime for all hours worked in excess of 40 hours a week as required by § 207(a) of the FLSA.

1

2. Plaintiff Daverlynn Kinkead ("Connecticut Class Rep") also brings claims under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31–58 *et seq.*, to recover unpaid overtime compensation.  She brings her state law claims on behalf of a class of home health care workers employed by Defendants pursuant to Fed. R. Civ. P. 23 ("Connecticut Class").

Plaintiff Claude Mathieu ("New York Class Rep") also brings claims under New York's wage-and-hour laws, including New York Labor Law ("NYLL") Articles 6 and 19 and their implementing regulations, both individually and as a class action pursuant to Fed. R. Civ. P. 23 ("New York Class").

II.

PARTIES

3. Plaintiff, Daverlynn Kinkead,  resides in the City of Naugatuck, State of Connecticut, and was employed by Defendants from 2011 to May, 2015 as a home healthcare worker who provided companionship services.  Plaintiff's hours varied from week to week in 2015 but she regularly worked more than 40 hours a week, including some weeks in which she worked as many as 98.  Despite her overtime work, she was not properly compensated for all hours worked in excess of 40 hours per week for work performed from January 1, 2015 to her separation from employment in May 2015.  Plaintiff's consent to sue is attached hereto as Exhibit A.

4. Plaintiff, Claude Mathieu, resides in Queens County in the State of New York, and was employed by Defendants from approximately February, 2015 to approximately July, 2016 as a home healthcare worker who provided companionship services.  Plaintiff regularly worked 24-hour shifts and more than 40 hours a week including some weeks in which she worked as many as three 24-hour shifts, 72 hours a week. Despite working 24

hours and more than 40 hours a week, she was not properly compensated for all hours of work, and was not properly compensated for all hours worked in excess of 40 hours per week.  Plaintiff's consent to sue is attached hereto as Exhibit B.

5. Defendant Humana, Inc. (hereinafter referred to as "Humana") is a Delaware corporation with its principal place of business located at The Humana Building, 500 West Main Street, Louisville, KY  40202 and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant Humana employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs' rights for which they seek redress in this case.

7. Defendant Humana at Home, Inc. (hereinafter referred to as "Humana at Home") is a Delaware corporation with its principal place of business located at 845 Third Avenue, 7th Floor, New York, New York 10022 and may be served through its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

8. Defendant Humana at Home employed Plaintiffs and participated directly in employment decisions regarding the Plaintiffs' rights for which they seek redress in this case.

9. Defendant SeniorBridge Family Companies (CT), Inc. (hereinafter referred to as "SeniorBridge (CT)") is a Connecticut corporation and may be served through its registered agent, Corporation Service Company, 50 Western Street, Hartford, CT 06120.

10. Defendant SeniorBridge (CT) employed Plaintiff Daverlynn Kinkead and participated directly in employment decisions regarding the Plaintiffs' rights for which she seeks redress in this case.

11. The precise size and the identity of the New York and Connecticut Putative Class Members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants and their related and affiliated entities.

### III.

### JURISDICTION

12. This Court has subject matter jurisdiction of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the District of Connecticut.

### IV.

### VENUE

13. Venue is proper in this District under 28 U.S.C. §1391(b)(1) as Defendant, SeniorBridge (CT), resides in the District of Connecticut and under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise the claims occurred in the District of Connecticut.

### V.

### COLLECTIVE ACTION DEFINITION

14. The class of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current or former home healthcare workers employed by Humana, Humana at Home, Inc. and/or SeniorBridge Family Companies (CT), and/or any of its or their affiliated entities who were not paid overtime for all hours worked over 40 in a work week since January 1, 2015.

("FLSA Class Members").

## VI.

## RULE 23 CONNECTICUT CLASS ACTION DEFINITION

15. The class of similarly situated employees sought to be certified as a class under Fed. R. Civ. P. 23 is defined as:

> All current or former home healthcare workers employed in Connecticut by Humana, Humana at Home, Inc. and SeniorBridge Family Companies (CT), and/or any of its or their affiliated entities who were not paid overtime for all hours worked over 40 in a work week since January 1, 2015.

("Connecticut Class Members").

## VII.

## RULE 23 NEW YORK CLASS ACTION DEFINITION

16. The class of similarly situated employees sought to be certified as a New York Class under Fed. R. Civ. P. 23 is defined as:

> All current or former home healthcare workers employed in New York by Humana and Humana at Home, Inc. and/or any of its or their affiliated entities, who were not paid for all hours worked and who were not paid overtime for all hours worked over 40 in a work week, in one or more weeks" at any time since November 11, 2009.

("New York Class Members").

## VII.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

18. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

19. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Plaintiffs, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VIII.

## FACTS

21. Plaintiffs, and the FLSA, New York, and Connecticut Class Members were employed by Defendants as home health care workers who provided companionship services for the elderly, ill or disabled.

22. Plaintiffs' regularly worked more than 40 hours a week. Defendants' pay records show at least some of the overtime hours that Plaintiffs worked.

23. The FLSA, New York, and Connecticut Class Members were also regularly scheduled to and did work more than 40 hours in a week.

24. Neither Plaintiffs nor the FLSA, New York, and Connecticut Class Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty hours a week for all weeks worked after January 1, 2015.

25. Plaintiffs are aware of other current and former employees of Defendants who were subject to the same payroll practices.

26. Neither Plaintiff Claude Monthieu nor the New York Class Members were compensated in accordance with the NYLL because they were not paid for all hours in a 24-hour shift and they were not paid overtime wages for all hours worked in excess of forty hours a week.

27. At all times relevant neither Plaintiff Claude Monthieu nor the New York Class Members resided in the home of their employer.

## IX.

## FLSA VIOLATIONS

28. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

29. The FLSA, however, exempted from overtime "domestic workers" who provided companionship and other services to individuals who were unable to care for themselves and also exempted live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

30. Until recently, the Department of Labor interpreted these exemptions to include such workers who were employed by third-party agencies or employers.

31. Due to a shift from domestic-service workers being hired directly by the home care recipient to domestic-service workers primarily employed by third-party agencies, the Department of Labor adopted regulations in October 2013 changing its position on the application of these exemptions to domestic-service workers employed by third-party agencies or employers.

32. Thus, beginning on January 1, 2015, domestic-service workers employed by third-party agencies or employers were no longer exempt from the FLSA's minimum wage and overtime requirements.  29 C.F.R. §552.109(a) 2015.

33. Accordingly, as of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 150% of the employee's regular rate of pay for hours worked over 40 in a work week.

34. Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic-service workers, like Plaintiffs and the FLSA Class Members, overtime as now required by law, effective January 1, 2015.

35. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Class Members overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime effective January 1, 2015.

## X.
## CMWA VIOLATIONS

36. The CMWA requires employers to pay employees one and one-half their regular rate of pay for any hours worked more than 40 in a week. Conn. Gen. Stat. Ann. § 31-76c. As of January 1, 2015, the CMWA overtime requirement applies to domestic service workers such as Plaintiff and the Connecticut Class Members. Conn. Gen. Stat. Ann. § 31-58.

37. Defendants have violated, and are violating, the provisions of the CMWA by not paying domestic-service workers, like Plaintiff Daverlynn Kinkead and the Connecticut Class Members as now required by law, effective January 1, 2015.

38. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff Daverlynn Kinkead and the Connecticut Class Members overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime effective January 1, 2015.

## XI.

## NYLL VIOLATIONS

39. The NYLL and implementing regulations require employers to pay employees for all the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer. 12 NYCRR 142-2.1(b). Further, prior to January 1, 2015, the NYLL required employers to pay home care workers like Plaintiff Claude Monthieu and the New York Class Members overtime at one and one-half the state's basic minimum hourly rate for any hours worked more than 40 in a week. N.Y. Comp. Codes, R. & Regs. tit. 12, § 142-2.2 As of January 1, 2015, the NYLL requires employers to pay home care workers like Plaintiff Claude Monthieu and the New York Class Members overtime at a wage rate of one and one-half the employee's regular rate of pay for any hours worked more than 40 in a week. *Id.*

40. Defendants have violated, and are violating, the provisions of the NYLL by not paying home care workers, like Plaintiff Claude Monthieu and the New York Class Members as required by law.

41. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff Claude Monthieu and the New York Class Members compensation for all hours worked and overtime wages for hours worked over 40.

## XII

## COLLECTIVE ACTION ALLEGATIONS

42. Defendants' practice and policy of not paying overtime effective January 1, 2015 affects Plaintiff and the FLSA Class Members and is a willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not paid overtime for all hours worked over 40 per work week as required by the FLSA effective January 1, 2015.

43. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices.

44. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the FLSA Class Members are similarly situated employees.

45. The specific job titles or precise job requirements of the FLSA Class Members does not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of

40 hours per week at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## XI

## CONNECTICUT CLASS ALLEGATIONS

46. The Connecticut Class Members identified above are so numerous that joinder of all members is impracticable.

47. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

48. Upon information and belief, the size of the Connecticut Class numbers more than 40 persons.

49. Defendants acted or refused to act on grounds generally applicable to the Connecticut Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Connecticut Class as a whole.

50. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Connecticut Class Members that predominate over any questions solely affecting individual Connecticut Class Members, including but not limited to:

   a. whether the CMWA requires Defendants to pay the Connecticut Class Members overtime wages;

   b. whether Defendants failed to pay the Connecticut Class Members their wages due in each pay period;

c. whether Defendants failed and/or refused to pay the Connecticut Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

d. whether Defendants correctly calculated and compensated the Connecticut Class Members for hours worked in excess of 40 per workweek;

e. whether Defendants failed to keep true and accurate time records for all hours worked by the Connecticut Class Members; and

f. the nature and extent of Connecticut Class-wide injury and the appropriate measure of damages for the Connecticut Class Members.

51. The claims of the Connecticut Class Rep are typical of the claims of the Connecticut Class Members she seeks to represent. The Connecticut Class Rep and the Connecticut Class Members work or have worked for Defendants as home healthcare workers and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week since January 1, 2015. Defendants acted and refused to act on grounds generally applicable to the Connecticut Class Members, thereby making declaratory relief with respect to the Connecticut Class Members appropriate.

52. The Connecticut Class Rep will fairly and adequately represent and protect the interests of the Connecticut Class Members.

a. The Connecticut Class Rep understands that, as class representative, she assumes a fiduciary responsibility to the Connecticut Class Members to represent their interests fairly and adequately.

b. The Connecticut Class Rep recognizes that as class representative, she must represent and consider the interests of the Connecticut Class Members just as she

would represent and consider her own interests.

    c. The Connecticut Class Rep understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Connecticut Class Members.

    d. The Connecticut Class Rep recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Connecticut Class Members.

    e. The Connecticut Class Rep understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

53. The Connecticut Class Rep has retained counsel competent and experienced in complex class action employment litigation.

54. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Connecticut Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class

treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## XII

## NEW YORK CLASS ALLEGATIONS

55. The New York Class Members identified above are so numerous that joinder of all members is impracticable.

56. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

57. Upon information and belief, the size of the New York Class numbers more than 40 persons.

58. Defendants acted or refused to act on grounds generally applicable to the New York Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

59. The Third Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class Members that predominate over any questions solely affecting individual New York Class Members, including but not limited to:

   a. whether the NYLL requires Defendants to pay the New York Class Members overtime wages;

   b. whether Defendants failed to pay the New York Class Members their wages due in each pay period;

      c. whether Defendants failed and/or refused to pay the New York Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

      d. whether Defendants correctly calculated and compensated the New York Class Members for hours worked in excess of 40 per workweek;

      e. whether Defendants must pay the New York Class Members for all hours of their 24-hour shifts;

      f. whether Defendants failed to keep true and accurate time records for all hours worked by the New York Class Members; and

      g. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class Members.

60. The claims of the New York Class Rep are typical of the claims of the New York Class Members she seeks to represent.  The New York Class Rep and the New York Class Members work or have worked for Defendants as home healthcare workers and have been subjected to their policy and pattern or practice of failing to pay for all hours worked and overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class Members appropriate.

61. The New York Class Rep will fairly and adequately represent and protect the interests of the New York Class Members.

      a. The New York Class Rep understands that, as class representative, she assumes a fiduciary responsibility to the Connecticut Class Members to represent their interests fairly and adequately.

    b. The New York Class Rep recognizes that as class representative, she must represent and consider the interests of the Connecticut Class Members just as she would represent and consider her own interests.

    c. The New York Class Rep understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Connecticut Class Members.

    d. The New York Class Rep recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Connecticut Class Members.

    e. The New York Class Rep understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

62. The New York Class Rep has retained counsel competent and experienced in complex class action employment litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The New York Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis,* such damages are small compared

to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### FIRST CAUSE OF ACTION
### (FAIR LABOR STANDARDS ACT—OVERTIME WAGES)

64. Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to pay overtime wages to Plaintiffs and the FLSA Class Members for all the hours they worked more than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

66. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

67. Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Class Members to suffer loss of wages and interest thereon.

### SECOND CAUSE OF ACTION
### (CONNECTICUT MINIMUM WAGE ACT—OVERTIME WAGES)

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69. Defendants failed to pay overtime wages to the Connecticut Class Rep and Connecticut Class Members for all the hours they worked more than 40 in a week as required by Conn. Gen. Stats. §§ 31-58 *et seq.*, including. Conn. Gen. Stats. §§ 31-60, 31-66, 31-68, 31-76(a) - (c), and their implementing regulations.

70. Defendants' failure to comply with Connecticut wage-and-hour protections caused the Connecticut Class Rep and Connecticut Class Members to suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
### (NEW YORK LABOR LAW, ARTICLE 19: UNPAID WAGES AND OVERTIME WAGES)

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72. Defendants failed to pay the New York Class Rep and New York Class Members wages for all the hours they worked and overtime wages for hours worked over 40 in a week as required by NYLL, Article 19, §650, *et seq.*, and 12 NYCRR §142-2.2.

73. Defendants' failure to comply with New York wage-and-hour protections caused the New York Class Rep and New York Class Members to suffer loss of wages and interest thereon.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs under the FLSA;

3. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action as provided under the FLSA;

4. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

5. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

6. With respect to the New York and Connecticut Classes:

    a. Certifying this action as a class action;

    b. Designating Plaintiffs as the Class Representatives;

    c. Declaring that the practices complained of herein are unlawful under Connecticut and New York state laws;

    d. Appointing the undersigned as class counsel;

    e. Ordering appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

  f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

  g. Awarding pre-judgment and post-judgment interest, as provided by law;

  h. Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

  i. Awarding Plaintiffs their attorneys' fees and costs of suit, including expert fees and costs.

7. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: September 19, 2017

                Respectfully Submitted,

                <u>/s/Michael J.D. Sweeney</u>
                Michael J.D. Sweeney, Esq. (*Pro Hac Vice*)
                GETMAN, SWEENEY & DUNN, PLLC
                260 Fair Street
                Kingston, , NY 12401
                phone: (845)255-9370
                fax: (845) 255-8649
                Email: msweeney@getmansweeney.com

                Philip Bohrer, Esq.
                Scott E. Brady, Esq.
                BOHRER BRADY LLC
                8712 Jefferson Highway, Ste. B
                Baton Rouge, LA 70809
                Tel: 225-925-5297
                Fax: 225-231-7000
                E-mail: Phil@bohrerbrady.com
                E-mail: Scott@bohrerbrady.com