

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
90 State House Square
8th Floor
Hartford, Connecticut 06103-3708
Tel 860 522-0404
Fax 860 247-1330
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (860) 522-1536
MY EMAIL ADDRESS IS: GolderD@jacksonlewis.com

November 28, 2017

**VIA ELECTRONIC FILING**

Hon. Jeffrey Alker Meyer
U.S.D.J.
District of Connecticut
141 Church Street
New Haven, Connecticut 06510

                Re:    *Kinkead v. Humana at Home, Inc. et al.*
                       3:15-cv-01637(JAM)

Dear Judge Meyer:

      This letter is submitted ahead of the discovery teleconference scheduled for Thursday, November 30, 2017. Dkt. 183.[1] In short, Plaintiffs' discovery issues are entirely premature, as the scope of discoverable information relevant to Plaintiffs' claims expanded as of the Court's Nov. 8, 2017 (Dkt. 180) ruling granting Plaintiffs' motion to amend their complaint, and the subsequent filing thereof on November 9, 2017 (Dkt. 181). This expansion mooted Defendants' prior proposal to streamline discovery in this matter. As set forth below, Defendants do not dispute that further production of several categories of information now is warranted.

      **I.**    **Background: The Original *Kinkead* Claims and Defendants' Proposal to Streamline Discovery Thereof**

      Plaintiff Kinkead's Complaint, until late September when she first sought to amend it, did not assert claims placing her (or other aides') hours of work at issue. The prior *Kinkead* Complaint asserted only that she and other aides were paid at an inappropriate rate, i.e., that they did not receive premium overtime due to SeniorBridge's good faith belief it could continue applying the companionship exemption while Judge Leon's decisions in *Weil* remained in effect. *See generally* Dkt. 57. Based on that narrow claim, Defendants stipulated to conditional

---

[1] While the current discovery disputes pertain solely to Plaintiffs' requested discovery, Defendants submit this letter setting forth their position regarding such discovery in conformity with the Court's deadline. To the extent Plaintiffs' Nov. 28 letter sets forth issues not addressed herein, Defendants will supplement this letter on November 29 per the Court's Order.



certification of the collective action,[2] then made a proposal to streamline discovery based on the then-scope. *See* Exhibit A.

Plaintiffs' Amended Complaint, authorized on Nov. 8, filed on Nov. 10 and answered last Wednesday, Nov. 23, drastically expands the scope of discovery by placing, at the very least, Plaintiff Mathieu and her putative NY Labor Law class' hours worked at issue. Dkt. 170-3 ¶¶ 4, 16, 39, 59 (redlines setting forth Mathieu allegations).[3] Defendants recognize (and agree) that the discovery proposal set forth in Exhibit A now is mooted, and are in the process of providing many of the voluminous records requested, and propounding appropriate discovery to the current Plaintiffs. Defendants submit that Plaintiffs' application is premature.

## II. Defendants Are In The Process of Producing Further Information

Defendants are in the process of producing (or are prepared to produce) the following requested information, on the following anticipated timetable:[4]

- Complete payroll records for all current FLSA Plaintiffs for the original *Kinkead* period in Excel format (Friday, December 1, 2017);

- Complete payroll records for all current FLSA Plaintiffs for their employment within their respective limitations period through December 31, 2013 in CostPoint format (Friday, December 15, 2017);

- Time records for all current FLSA Plaintiffs for the original *Kinkead* period (Friday, December 15, 2017);

- Electronically stored information and other communications relating to compensation of aides during and after the *Weil* retroactivity period (December 29, 2017);

---

[2] Dkt. 113, 114. The prior *Kinkead* Complaint is the Complaint the current opt-ins joined. *See Grosscup v. KPW Mgmt.*, 2017 U.S. Dist. LEXIS 87014, at *26-27 (N.D. Ill. June 7, 2017)(certification of collective action could not include claim for which plaintiffs had not made necessary showing and "plaintiffs [could] not seriously argue that she should be permitted to fish out evidence of such a [common] policy after conditional certification . . . [because] this turns the process on its head by eliminating the burden of making a modest showing of a common policy before issuing notice"). Indeed the Consents to Join signed by the opt-ins were focused specifically on the Final Rule retroactivity period. *See, e.g.*, Dkt. 113-3 ¶ 2.

[3] Further, based on Plaintiffs' requests for time records for all Plaintiffs, Defendants understand Plaintiffs to assert that the hours worked by all current Plaintiffs are at issue.

[4] Contemporaneously with this letter, Defendants are providing Plaintiffs with a letter addressing Plaintiffs' draft proposed deposition notice pursuant to FRCP 30(b), which notice including thirty-six topics for testimony and twenty-nine additional document requests. Defendants are hopeful that the parties can resolve the issues concerning the deposition notice without court intervention.

- Time records for all current FLSA Plaintiffs outside the original *Kinkead* period (Friday, January 12, 2018);

- Payroll records for all current FLSA Plaintiffs subsequent to December 31, 2013 and outside the original *Kinkead* period (Friday, January 12, 2018); and,

- Personnel files for all current FLSA Plaintiffs (January 12, 2018).[5]

### III. Plaintiffs' Other Requests Remain Overbroad and Inappropriate

Defendants believe the above contemplated production moots many of the issues raised in Plaintiffs' November 1, 2017 letter to Defendants, and that any remaining disputes should be addressed following such production (and in tandem with any disputes relating to Defendants' discovery requests to Plaintiffs). However, Defendants note the following objections to the Requests/issues:

- *[D]ocuments and ESI relating to, listing, describing or containing overtime payments made to Plaintiff and/or Home Health Care Workers (HHCWs) during the Relevant Time Period.* This request, as drafted, is overbroad. As noted above, Defendants are in the process of providing records of payments to the current FLSA Plaintiffs in both requested formats, as well as ESI relating to such payments and Defendants' response to the invalidation of the Final Rule in *Weil* and reversal of that decision.[6]

- *[A]ll Documents and ESI relating to any claims, demands, causes of action, complaints, request for payments, disputes or any such related information relating to or regarding overtime pay for HHCWs for work performed during the Relevant Time Period.* This Request, which asks for "all documents" regarding any disputes or claims regarding payments made to, potentially, thousands of home health aides, is overbroad. As part of its ESI production, Defendants will supplement their response to this Request.

- *[A]ny and all releases, waivers, receipts, or other Documents evidencing any payment by Defendants to Plaintiff or to any HHCWs made during the Relevant Time Period purporting to settle or compromise any claim for overtime cognizable under the Fair Labor Standards Act and/or any state law and/or in any way relating to 29 C.F.R. §552.109.* As noted above, Defendants will provide the current FLSA Plaintiffs' personnel files.

- *Documents and ESI between Defendants and any other persons, facility, businesses or entity relating to providing, drafting or implementing Plans of Care (POC) for all work*

---

[5] Defendants will produce these last three categories of information on a rolling basis.

[6] Defendants submit that this supplement and the anticipated production regarding post-*Weil* changes moots Plaintiffs' outstanding requests for information and documents regarding payments to Plaintiffs or other home health aides and related policies, and that any broader interpretation of such requests is overbroad.



assigned to Plaintiff and/or HHCW who opted into the lawsuit for work done during the Relevant Time Period. This Request is overbroad and unduly burdensome. Plans of care do not address hours worked, and are maintained on a client basis, not an employee basis.

- *[C]opies of any preservation or litigation hold letters or notices issued by You to Your managers, administrators, staff and/or employees, including ESI, concerning the preservation of electronic and/or data regarding Plaintiff's claims and/or Defendants' defenses.* Litigation hold materials are not discoverable information, absent a showing of need, and also are privileged.

- *[A]ll Documents that Identify the location of all group homes, facilities, and/or structures of any type where your HHCWs performed work during the Relevant Time Period.* This request is overbroad and unrelated to Plaintiffs' claims.

* * * * * * * *

As set forth above, Defendants are working to provide supplemental data relating to the current FLSA Plaintiffs, and to confer regarding an appropriate 30(b)(6) representative. To the extent Plaintiffs remain dissatisfied following that process, they can again seek Court intervention and, if necessary, the parties can submit briefing on the appropriateness of specific requests.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/David R. Golder

David R. Golder

NPT:dc

# EXHIBIT A

**Tripp, Noel P. (Long Island)**

| | |
|---|---|
| **From:** | Golder, David R. (Hartford) |
| **Sent:** | Wednesday, August 02, 2017 3:19 PM |
| **To:** | 'Artemio Guerra'; Michael Sweeney; Phil Bohrer (phil@bohrerbrady.com) |
| **Cc:** | Tripp, Noel P. (Long Island) |
| **Subject:** | Kinkead Discovery Proposal |

As the close of the opt-in window in *Kinkead* approaches, we wanted to reach out regarding the remaining discovery given the case's unusual posture and unique legal issue. We would propose the following agreement, to be reduced to a more formal stipulation, to move this case through the last needed discovery regarding Defendants' defenses:

1. Plaintiffs would agree that Humana need produce only records reflecting the total work hours paid per week (i.e., excluding PTO or with both categories so that Plaintiffs could see which payments corresponded to work and which did not), and the applicable rate(s) within the contested period for the opt-in Plaintiffs, i.e., that this hours and pay data would be sufficient for – and used to – calculate any damages ultimately found owing. Plaintiffs would continue to seek affirmative discovery from Humana, including depositions, on the good faith defenses, but not on recordkeeping or hours worked issues.

2. In exchange, Humana would agree to forego its rights regarding entitlement to discovery from the plaintiffs, other than named Plaintiff Kinkead: no document production, interrogatories, or depositions would be required.

We think the bilateral efficiencies of this approach are apparent. Let us know if you want to set up a time to discuss.

Regards,
David

**David R. Golder**
Attorney at Law
**Jackson Lewis P.C.**
90 State House Square
8th Floor
Hartford, CT 06103
Direct: (860) 331-1536 | Main: (860) 522-0404
GolderD@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 and Global 100 law firm rankings.*

1