UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 3:15-cv-01637(JAM)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF MICHAEL J.D. SWEENEY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

I, Michael J.D. Sweeney, declare under penalty of perjury that the following is true:

1. I make this declaration in support of Plaintiffs' Motion for Class Certification in this case.

2. I am a partner in Getman, Sweeney & Dunn, PLLC, Plaintiffs' Counsel in this case.

3. A total of 190 collective members have filed FLSA opt-in consent forms. Of these opt-ins, 42 are identified as working for Defendants in New York and 14 as working for Defendants in Connecticut.

4. Electronic payroll documents produced by Defendants in this action show that that Plaintiff Mathieu began working for Defendants in March 2015 and stopped working for them in June 2016.[1]

---

[1] The electronic payroll documents were produced in an Excel format and were marked in their native format as Exhibit 12 at the deposition of Defendants. Plaintiffs do not attach them as an exhibit to this declaration because a .pdf copy would comprise more than 11,800 pages and be incomprehensible. Plaintiffs can provide the documents in their native format upon the Court's request.

1

5.       The electronic payroll documents demonstrate that Plaintiff Mathieu regularly worked three 24-hour shifts in a week from March 2015 through June 2016.

6.       The electronic payroll documents show that 39 of the 42 New York HHWs who opted into the FLSA claim worked live in shifts (93%).

7.       The Class List identified 48 Connecticut class members who worked during the Effective Date period.  Of those 48, 13 opted in, 9 of whom (70%) worked 24-hour or live-in shifts.

**Getman Sweeney & Dunn Is Qualified, Experienced, and Able to Conduct this Class Litigation**

8.       Along with Bohrer Brady, LLC, Getman, Sweeney & Dunn has handled this matter from the outset, performing all the investigation and identification of claims.

9.       Getman, Sweeney & Dunn, PLLC is dedicated to representing workers in labor cases.  The Firm concentrates its practice on wage and hour litigation.

10.     Getman, Sweeney & Dunn handles wage and hour cases and has in excess of 20 years of law practice. The firm is currently handling wage and hour litigation in federal courts around the U.S., including California, Connecticut, Michigan, Nevada, New Jersey, New York, Tennessee, Texas, and Washington.

11.     Most of the litigation is handled by the Firm as a FLSA collective action, a Rule 23 class action or a hybrid of the two.

12.     Our firm consists of seven attorneys: Dan Getman, Matt Dunn, Lesley Tse, Artemio Guerra, Alex Dumas, and Meagan Rafferty, and me.  Additionally, we work with "of counsel" attorney Edward Tuddenham who assists the Firm on a regular basis.

13.     Our firm also employs seven excellent paralegals and two data scientists whose qualifications can be found at www.getmansweeney.com.

14. Courts have repeatedly found Getman, Sweeney & Dunn (formerly Getman & Sweeney) to be adequate class counsel in wage-and-hour class actions. *See, e.g.*, *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 119 (E.D.N.Y. 2011) (finding Getman & Sweeney to have "stellar" qualifications as class counsel in wage-and-hour class litigation); *Lewis v. Alert Ambulette Serv. Corp.*, 11-CV-442, 2012 WL 170049, *15 (E.D.N.Y. Jan. 19, 2012) ("[Getman & Sweeney] has brought to bear its considerable experience in handling class actions, and other complex litigation, particularly claims of the type asserted in the present action"); *Brumley v. Camin Cargo Control, Inc.*, CIV.A. 08-1798 JLL, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ("Both this Court and other district courts around the country have recognized Plaintiffs' counsel's experience and skill in prosecuting wage-and-hour class litigation."); *Bredbenner v. Liberty Travel, Inc.*, Civil Action Nos. 09–905 (MF), 09–1248(MF), 09–4587(MF), 2011 WL 1344745, at *7 and *20 (D.N.J. April 8, 2011) (finding Getman & Sweeney highly experienced and competent in wage-and-hour litigation.)

15. I am a member of the bar of New York State and I am admitted to practice before the U.S. District Courts for the Southern, Eastern and Northern Districts of New York, Central District of Illinois, and Eastern District of Michigan, the U.S. Court of Federal Claims, and the U.S. Court of Appeals for the Second Circuit.

16. I graduated from Fordham Law School in 1996, and since then have litigated many wage-and-hour cases in federal court. The majority of those cases involved class litigation, either as a FLSA collective action, a Fed. R. Civ P. 23 class action, or a hybrid of the two.

17. Cases involving class and/or collective actions in which I have acted as lead counsel include: *Thomas v. Kellogg*, 3:13-cv-05136-RBL (W.D.Wash); *Smith v. Kellogg*, 2:17-

cv-01914-APG-GWF (D. Nev.); *Perkins v. Benore Logistics*, 2:16-cv-13717-JT-DRG (E.D. Mich.); *Flores v. Swift*, 2:14-cv-02900-AB-E (C.D. Cal.); *Walter v. Buffets, Inc.*, 6:13-cv-02995-JMC (D.S.C.); *Driscoll v. George Washington Univ.*, 1:12-cv-00690-ESH (D.D.C.); *Bredbenner, et al., v. Liberty Travel, Inc.*, 2:09-civ-905 (WJM) (D.N.J.); *Connell, v. Liberty Travel, Inc.*, 2:09-civ-01248 (WJM) (D. N.J.); *Brumley v. Camin Cargo Controls, Inc.*, 08-1798 (JLL) (D. N.J.); *Clark, et al., v. Ecolab Inc.*, 07-civ-8623 (PAC) (S.D.N.Y.); *McKissick, et al. v. Corry Publishing, Inc.*, 08-civ-125 (MBC) (W.D. Pa.); *Ostrowski v. Vertmarkets, Inc.*, No. 003279 (Pa. Com. Pl. 2008); *Ferry v. SGS*, 06-civ-7111 (RMB) (S.D.N.Y.); *Haviland v. Basik Funding Inc.*, 04-civ-8193 (CLB) (LMS) (S.D.N.Y.); *Llandez et al v. Service One Janitorial, Inc.*, 04-civ-2210 (SCR) (S.D.N.Y.); *Gorbich v. Swan Lake Resort*, 01 Civ 2210 (GAY) (S.D.N.Y.); *Pilone v. Basik Funding, Inc.,* 05-civ-3798 (AET) (D.N.J.); *Porta v. United States*, No. 05-14210 (Fed. Cl.); *Williamson v. BellSouth Long Distance, Inc.*, 04-civ-09774 (RJH) (S.D.N.Y.); *Masson v. Ecolab, Inc.*, 04 Civ 4488 (PAC) (S.D.N.Y.); and *Ayers, et al., v. SGS*, 03-civ-9078 (RMB) (S.D.N.Y.).

18. I have successfully argued wage-and-hour issues to the Second Circuit Court of Appeals in *Young v. Cooper Cameron Corp., Inc.*, 586 F.3d 201 (2nd Cir.) and *McCluskey v. J.P. McHale Pest Management*, 147 Fed.Appx. 203 (2nd Cir.)

19. Getman, Sweeney & Dunn will commit, and has already committed, the necessary resources to representing the class, as he has in previous class representations.

May 4, 2018

                        Respectfully submitted:

                        */s/ Michael J.D. Sweeney*

                        Michael J.D. Sweeney, Esq.
                        msweeney@getmansweeney.com
                        GETMAN, SWEENEY & DUNN, PLLC
                        260 Fair Street
                        Kinston, NY  12401
                        Telephone: (845) 255-9370
                        Facsimile: (845) 255-8649

                        ***Counsel for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 4, 2018, I caused the foregoing to be electronically filed the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

      /s/ Michael J.D. Sweeney