UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, Individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.<br><br>Defendants. | Case No.: 3:15-cv-01637(JAM) |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTAL FLSA CLASS NOTICE

Philip Bohrer (*pro hac* vice)
phil@bohrerbrady.com
Scott E. Brady (*pro hac vice*)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Hwy., Suite B
Baton Rouge, LA  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

*Counsel for Plaintiffs*

Dan Getman (ct22515)
dgetman@getmansweeney.com
Michael J.D. Sweeney, Esq.
msweeney@getmansweeney.com
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY  12041
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PROCEDURAL HISTORY | 2 |
| II. | FACTS | 3 |
| III. | ARGUMENT | 5 |
| | A. The Court Should Authorize Supplemental Notice | 5 |
| | B. The Court Should Toll the FLSA Statute of Limitations for Class Members Excluded from the FLSA Notice List | 9 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) .......................................................... 6

*Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-00715 SC, 2007 WL 3010754 (N.D. Cal. Oct. 12, 2007) ................................................................................................. 9

*Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978) ................................................... 5

*Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945) ................................................................. 9

*Darowski v. Wojewoda*, No. 3:15-CV-00803 (MPS), 2016 WL 4179840 (D. Conn. Aug. 7, 2016) ................................................................................................................. 10

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ..................................................... 5, 6, 9

*Lassen v. Hoyt Livery, Inc.*, No. 3:13-cv-01529 (JAM), 2014 WL 4638860 (D. Conn., Sept. 17, 2014) ........................................................................................................ 9

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367 (S.D.N.Y. 2007) ......................... 10

*Mark v. Gawker Media LLC*, No. 13-CV-4347(AJN), 2016 WL 1271064 (S.D.N.Y. Mar. 29, 2016) ............................................................................................................... 10

*Martino v. Michigan Window Cleaning Co.,* 327 U.S. 173 (1946) ................................................ 9

*Mathews v. ALC Partner, Inc.*, No. 08-CV-10636, 2009 WL 10680524 (E.D. Mich. Oct. 27, 2009) ................................................................................................................. 8

*Overnight Motor Transportation Co. v. Missel,* 316 U.S. 572 (1942) ........................................... 8

*Reich v. S. New England Telecommunications Corp.*, 892 F. Supp. 389 (D. Conn. 1995), aff'd, 121 F.3d 58 (2d Cir. 1997) .............................................................................. 10

*Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006) ................................................................................................................ 5

*Vadino v. A. Valey Engineers*, 903 F.2d 253 (3d Cir. 1990) .......................................................... 8

*Vennet v. Am. Intercontinental Univ. Online*, No. 05 C 4889, 2006 WL 908030 (N.D. Ill. Apr. 5, 2006) ................................................................................................................ 9

*Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) ............................ 10

**Statutes**

29 U.S.C. § 201, *et. seq.* ................................................................................................................ 2

29 U.S.C. 216(b) ........................................................................................................................ 1, 2

Conn.Gen.Stat. §31-58, *et. seq.* ................................................................................................... 2

NYLL Art. 19 §§650-65 ................................................................................................................ 2

NYLL Art. 6 §§190-99 .................................................................................................................. 2

**Regulations**

29 C.F.R §785.21 .......................................................................................................................... 6

29 C.F.R. § 785.22 ........................................................................................................................ 6

29 C.F.R. § 785.23 ........................................................................................................................ 7

29 C.F.R. §552.109(a) (2015) ....................................................................................................... 2

29 C.F.R. 785.7 ............................................................................................................................. 6

29 C.F.R. 785.8 ............................................................................................................................. 8

Plaintiffs respectfully move this Court for an order authorizing supplemental notice to potential FLSA class members who 1) were classified as FLSA exempt and were not paid time and a half for all hours worked over 40 in a workweek between January 1, 2015 and October 13, 2015; 2) worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015 when credited with 13 hours for each live-in shift; and 3) have not previously received notice of this action. Plaintiffs also ask the Court to direct Defendants to produce a list of class members who qualify for supplemental notice and to toll the statute of limitations on the FLSA claims for those people from the date the original notice issued, June 2, 2017, until supplemental notice issues so they are not adversely affected by Defendants' failure to include them in the original list.

Plaintiff Kinkead filed this class and collective action in November 2015 seeking unpaid overtime wages for herself and similarly situated Home Health Care Workers (HHWs) under state and federal law. She alleges that the Defendants violated the FLSA by failing to pay overtime to home health workers like herself during the period from January 1, 2015 to October 13, 2015. She moved for conditional certification of her claims as a FLSA collective action pursuant to 29 U.S.C. 216(b) and for authorization to send notice of the action to the class. Rather than have the Court rule on the conditional certification and notice, Defendants stipulated to notice to a class of home healthcare workers who had worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015, but were not paid overtime wages because Defendants had classified them as exempt. Defendants provided a FLSA notice list for the class, notice issued and 189 class members joined the FLSA collective action.

During the ensuing discovery, Plaintiffs learned that, in constructing the FLSA notice list, Defendants credited home health workers assigned to 24-hour shifts with only eight hours of

1

work, even though they knew, or should have known, at the time they compiled the list that HHWs should have been credited with a minimum of 13 hours per 24-hour shift. As a result, class members who worked four or five 24-hour shifts in a week were not included on the FLSA notice list and did not receive notice. Ex. 1, Matusz Dep. at 44:11-56:4. Plaintiffs sought Defendants consent to send a supplemental notice to class members who had been improperly left off the list but Defendants refused. At the May 25, 2018 status conference in this matter, Your Honor instructed the Plaintiffs to file a motion for supplemental notice.

**I.    PROCEDURAL HISTORY**

This action arises from Defendants' failure to pay its home healthcare workers ("HHWs") in compliance with the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et. seq.*, the Connecticut Minimum Wage Act (CMWA), Conn.Gen.Stat. §31-58, *et. seq.*, and the New York Labor Law ("NYLL"), Art. 6 §§190-99, and Art. 19 §§650-65. Plaintiff Kinkead filed her original Complaint on November 10, 2015 (Dkt. 1) seeking conditional certification of a nationwide FLSA collective pursuant to 29 U.S.C §216(b) and certification of a Rule 23 Connecticut class. The Complaint alleges that Defendants violated the FLSA by failing to pay overtime wages to Kinkead and similarly situated employees from January 1, 2015 to October 13, 2015 (the Effective Date Period). On December 17, 2015, Defendants filed a motion to dismiss on the grounds that 29 C.F.R. §552.109(a) (2015), the regulation that brought HHWs within the protections of FLSA overtime (hereafter the "Regulation") did not become effective until the end of the Effective Date Period – i.e. October 2015 – leaving Plaintiffs with no overtime claims for the period January 1 through October 13, 2015. Dkt. 14. On July 19, 2016, this Court held that the effective date of the Regulation was January 1, 2015 and denied Defendants' motion to dismiss Plaintiffs' overtime claims for the period January 1 – October 13, 2015. Dkt 57. On August 19, 2016, Plaintiffs moved the Court to conditionally certify a FLSA

collective action and authorize notice to the class. Dkt. 66. On October 13, 2016, this Court granted Defendants' motion for leave to file an interlocutory appeal of its effective date ruling and granted a stay pending appeal. Dkt. 76. After the Second Circuit denied permission to appeal, the parties entered into a stipulation regarding conditional certification and notice to the class. Dkt. 113.

## II.  FACTS

Defendants required some FLSA class members in this case to work 24-hour shifts during which they were required to stay with the client at all times, were not allowed to leave the client for their own purposes, were not allowed to have visitors during the shift, and were required to be available to respond to the client's needs at any time during their shift. Ex. 2, Allen Dep. at 162:18-165-19.

While Plaintiffs' motion for conditional certification was pending, the parties entered into a stipulation that the class be conditionally certified and notice would issue to a class of

> All current and former home healthcare employees of Humana at Home, Inc. and/or SeniorBridge Family Companies who 1) were classified as FLSA exempt 2) were not paid time and a half for all hours worked over 40 in a workweek between January 1, 2015 and October 13, 2015 and 3) worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015.

Dkt. 113-1. Defendants provided a FLSA notice list for the class on May 27, 2017 ("Notice List"). Defendants did not provide an explanation how the list was compiled. Notice issued in June 2017 and a reminder notice issued in July and 189 collective members have joined the case.

Unfortunately, discovery got off to a rocky start. Despite Plaintiffs repeated efforts, Defendants refused to fulfill their written discovery obligations. Eventually, the Court issued an order compelling Defendants to respond in full. Dkt. 196. Defendants then stymied efforts to take their deposition. On January 5, 2018, Plaintiffs noticed the deposition for February 7, 2018. Ex. 3 (Jan. 5, 2018 30(b)(6) deposition notice). When Defendants finally produced a witness,

Michael Allen, on April 3, 2018, he could not testify how Defendants determined who should be included on the Notice List even though that topic was listed on the deposition notice. Ex. 2, Allen Dep. at 128:8-130:17. The witness did testify that, more than a year before the class list was compiled, Defendants began paying HHWs for a minimum of 13 hours of work per 24-hour shift beginning January 25, 2016 based on their understanding that the FLSA required workers assigned 24-hour shifts to be compensated for a minimum of 13 hours. Ex. 2, Allen Dep. at 257:18-258:12 (Defendants began paying for 13 hours of a 24-hour shift to comply with the change in the regulations); Ex. 1, Matusz Dep. at 107:23-111:8 (change took place January 25, 2016).

Finally, on May 1, 2018, Defendants produced a witness who could testify about the Notice List. That witness testified that in creating the Notice List, Defendants credited potential class members working 24-hour shifts[1] with only eight hours of work, rather than the 13 hours Defendants had previously acknowledged were required. He also testified that, as a result of crediting only eight hours per live-in shift, class members who worked live-in shifts were left off the Notice List unless they worked at least six or more live-in shifts in a week (i.e. more than 5 days with eight hours of credited work). Ex. 1, Matusz Dep. at 44:11-56:4. Had they been credited with 13 work hours per 24-hour shift, workers who worked four or more 24-hour shifts should have been on the list.

When Plaintiffs discovered these facts, they wrote to Defendants on May 10, 2018, explaining that Defendants' failure to credit FLSA class members with at least 13 hours for a 24-shift when compiling the FLSA Notice List resulted in excluding some FLSA class members from the Notice List. Plaintiffs asked Defendants to agree to supplemental notice to the class

---

[1] Live-In shifts and 24-hour shifts are synonymous for purposes of this motion.

members excluded as a result of crediting eight hours instead of 13 hours of work per 24-hour shifts. Ex. 4, Letter re FLSA Notice Deficiencies. The parties met and conferred on the issue on May 16, 2018 and Defendants took the issue under advisement. On May 25, 2018, Defendants informed Plaintiffs that they would not supplement the Notice List.

### III. ARGUMENT

Because Defendants provided a Notice List that improperly excluded some putative class members, the Court should order supplemental notice to issue. Moreover, because the exclusion of these class members resulted from Defendants' deliberate decision to credit 24-hour shift workers with only eight hours of work rather than 13 – a decision that they did not reveal to Plaintiffs or the Court until recently - the Court should toll the statute of limitations on the excluded class members FLSA claims for the period between the issuance of the original class notice and the issuance of the supplemental class notice.

#### A. The Court Should Authorize Supplemental Notice

In furtherance of the FLSA's "broad remedial purpose," courts have the authority to notify potential opt-in plaintiffs that they may join an existing action early in the proceedings. *Braunstein v. E. Photo. Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979); *see also Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010) ("[D]istrict courts 'have discretion, in appropriate cases, to implement [§ 216(b)] … by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *quoting Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The Second Circuit "encourages the sending of notice to 'similarly situated' individuals," *Sipas v. Sammy's Fishbox, Inc.*, No. 05 Civ. 10319, 2006 WL 1084556, at *1 (S.D.N.Y. Apr. 24, 2006). Collective actions provide workers an opportunity to "lower individual costs to vindicate rights by pooling resources," and enable the "efficient resolution in one proceeding of common issues of law and

fact." *Hoffmann-La Roche*, 493 U.S. at 170.  Pursuant to that authority, this Court ordered notice to issue to all "All current and former home healthcare employees … who … worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015." Dkt 113-1 at ¶ 4(a), so ordered at Dkt 114.

The FLSA requires that workers be paid for all hours they work. "[T]he statutory workweek includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace, the time spent in these activities must be accorded appropriate compensation." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690–91 (1946); 29 C.F.R. 785.7

The FLSA requires that employers pay people working 24-hour shifts for at least 13 hours of work per shift.  Although sleep time is generally considered work time where an employee is required to be on duty but is permitted to sleep, 29 C.F.R §785.21, FLSA regulations provide an exception for duty of 24 hours or more:

> the employer and employee may agree to exclude bona fide meal periods and a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only 8 hours will be credited. Where no expressed or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.

29 C.F.R. § 785.22. As early as January 25, 2016, Defendants realized that FLSA regulations required workers covered by overtime to be paid a minimum of 13 hours for each 24 hour shift (i.e. 24 hours – 8 hours sleep – 3 hours meals = 13) and, indeed, Defendants began crediting 24-hour shift workers for 13 hours as of that date. [2] Ex. 2, Allen Dep. at 257:18-258:12; Ex. 1, Matusz Dep. at 107:23-111:8.

---

[2] The regulations provide for the exclusion of additional time where the employee resides on the employer's premises and has "enough time for eating, sleeping, entertaining, and other periods of

Although Defendants recognized in January 2016 that overtime eligible HHWs were entitled to be credited with at least 13 hours per 24-hour shift, when they compiled the FLSA Notice List in 2017 they deliberately overlooked that fact and only credited 24-hour shift workers with eight hours of work in order to determine whether they had worked overtime during the Effective Date period and were, thus, entitled to class notice. Even if Defendants had some doubt as to the legal requirement to credit workers with 13 hours per 24-hour shift when compiling the class list, they certainly knew that it was a significant question that could dramatically affect the number of people who received class notice. But rather than bring the question to the attention of Plaintiffs and the Court so that the issue could be determined prior to issuing FLSA notice, Defendants made the deliberate decision not to inform anyone of how they were determining whether a class member worked more than 40 hours in any week during the Class Period January – October 2016.

Defendants' failure to credit FLSA class members with 13 hours of work per 24-hour shift (or inform the Plaintiffs and Court that they were not doing so) resulted in FLSA class members who worked more than 40 hours in a week being left off the FLSA Notice list and not receiving the notice agreed to by the Parties and ordered by the Court. Plaintiffs' FLSA claim in this case is that Defendants did not pay the overtime wages required under the FLSA. Payment of FLSA overtime wages requires that Defendants calculate overtime by crediting at least 13 hours for each 24-hour shift. Because Defendants credited only 8 hours per 24-hour shift in compiling the Notice List, FLSA class members who worked four or five 24-hour shifts were left

---

complete freedom from all duties when he may leave the premises for purposes of his own." 29 C.F.R. § 785.23. Because the testimony is clear that HHWs are not able to entertain or leave their clients during their shift, §785.23 cannot apply. Ex. 2, Allen Dep. at 162:18-165-19.

7

off the list (having been credited with only 32 or 40 hours of work per week) when they should have been credited with working 52 hours (4 X 13) or 65 hours (5 X 13) and placed on the list.[3]

The Parties agreed upon and the Court ordered notice to issue to "All current and former home healthcare employees … who … worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015." Defendants should not be able to unilaterally limit who receives FLSA notice by applying their own view of how many hours people worked during a 24-hour shift. The FLSA requires that class members be credited with at least 13 hours of work for a 24-hour shift and Plaintiffs are willing to accept that minimum for purposes of the FLSA claims in this action. Even if the question of how many hours class members should be credited with for a 24-hour shift were a contested issue, the Court should apply the 13-hour rule because conditional certification and notice is intended to "allow as many potential members with a reasonable chance of success as possible to opt in to the conditional class." *Mathews v. ALC Partner, Inc.*, No. 08-CV-10636, 2009 WL 10680524, at *3 (E.D. Mich. Oct. 27, 2009) (collecting cases).

Plaintiffs anticipate that Defendants will argue that in compiling the list they credited 24-hour shift workers with eight hours of work based on the Caregiver Employment Agreement they entered into with HHWs.  But the Caregiver Employment Agreement cannot change the obligation to pay for work hours under the FLSA. 29 C.F.R. 785.8; *Vadino v. A. Valey Engineers*, 903 F.2d 253, 264–65 (3d Cir. 1990) citing *Barrentine,* 450 U.S. at 739 (quoting *Overnight Motor Transportation Co. v. Missel,* 316 U.S. 572, 578 (1942) (quoting 81 Cong.Rec. 4983 (1937) (message of President Roosevelt))), *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697,

---

[3] The under counting of work hours potentially affects any HHW who worked a 24-hour shift. For example, a HHW worked 32 regular shift hours and one 24-hour shift should have been credited with working 45 hours and included on the FLSA Notice List. By crediting only eight hours for a 24-hour shift, Defendants would have left this HHW off the FLSA Notice List.

707 (1945), and *Martino v. Michigan Window Cleaning Co.,* 327 U.S. 173, 177–78 (1946). Even if Defendants' were now to argue that the FLSA only requires payment for eight hours of a 24-hour shift (despite the fact that they now pay for 13) is not a reason to deny notice to the class. Arguments on the merits of the FLSA claims are resolved after notice issues and class members have an opportunity to join the action. *Lassen v. Hoyt Livery, Inc.*, No. 3:13-cv-01529 (JAM), 2014 WL 4638860 (D. Conn., Sept. 17, 2014);.

Accordingly, the Court should grant Plaintiffs' motion for supplemental notice and to potential FLSA class members who worked more than 40 hours in at least one workweek between January 1, 2015 and October 13, 2015 when credited with 13 hours for each 24-hour shift but were left off the original FLSA Notice List. See, *Vennet v. Am. Intercontinental Univ. Online*, No. 05 C 4889, 2006 WL 908030, at *2 (N.D. Ill. Apr. 5, 2006) (authorizing supplemental notice to FLSA class members left of the original notice list due to defendants' restrictive interpretation of the class definition.); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-00715 SC, 2007 WL 3010754, at *2 (N.D. Cal. Oct. 12, 2007) (ordering supplemental notice where defendants' method of identifying class members risked excluding putative class members).

### B. The Court Should Toll the FLSA Statute of Limitations for Class Members Excluded from the FLSA Notice List

Notice of the opportunity to join a FLSA collective action is an important part of the FLSA's collective action provisions. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170–72, (1989). Not only does it inform workers of their rights, but it allows them to band together to overcome the hurdles to bringing individual claims. Early notice of a FLSA collective action is imperative because the state of limitation runs on each class member's FLSA claims until she

files a consent to sue. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367, 371 (S.D.N.Y. 2007)

This Court has the discretion to equitably toll the statute of limitations on the FLSA claims of putative class members who did not receive notice of the opportunity to join the action after considering "whether the plaintiff (1) has acted with reasonable diligence during the period he seeks to have tolled, and (2) has proved that circumstances are so extraordinary that the doctrine should apply. *Darowski v. Wojewoda*, No. 3:15-CV-00803 (MPS), 2016 WL 4179840, at *11 (D. Conn. Aug. 7, 2016) citing *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003), as amended (July 29, 2003). Defendants' actions that prevent putative class members from receiving notice of their FLSA rights are relevant to the exercise of discretion. *Reich v. S. New England Telecommunications Corp.*, 892 F. Supp. 389, 404 (D. Conn. 1995), aff'd, 121 F.3d 58 (2d Cir. 1997) (granting equitable tolling for failure to produce wage and hour records); *Mark v. Gawker Media LLC*, No. 13-CV-4347(AJN), 2016 WL 1271064, at *3 (S.D.N.Y. Mar. 29, 2016)

Plaintiff Kinkead acted with diligence to ensure that the putative FLSA class members receive notice of their FLSA claims and right to join the action. Plaintiff moved for notice to the class as early in the action as practicable given Defendants' early motion to dismiss. She also ensured that the statute of limitations on putative class members' FLSA claims was tolled during the waiting periods on Defendants' motion to dismiss and subsequent appeal to the Second Circuit. See, Dkt 76 at fn 3. Moreover, the information necessary to understand that Defendants failed to provide the full FLSA Notice List was the subject of discovery requests that Plaintiffs made in a timely manner. The information was not discovered because Defendants refused to comply with their written discovery obligations responses until the Court interceded (Dkt. 196)

and because Defendants subsequently failed to provide a witness for deposition who could provide testimony. Ex. 2, Allen Dep. at 128:8-130:23; Ex. 1, Matusz Dep. at 52:3-25.

The circumstances of the delay in supplemental notice are extraordinary. It is not due to the normal course of FLSA litigation. Instead it was due to the Defendants' unilateral and secret decision to calculate eligibility to receive FLSA notice by crediting for only eight hours for a 24-hour shift when, at the time the compiled the Notice List they knew that such workers should be credited with a minimum of 13 hours and were at that time paying workers for a minimum of 13 hours based on their understanding of the law. Plaintiffs and the Court had no way to know that Defendants were using eight hours to compile the class list and Defendants did nothing to clarify the issue. To make matters worse, they intentionally obstructed the discovery that would have revealed the deficiencies in their class list. The lack of notice is particularly harmful in this case where the putative class is made up of low-wage workers who are unlikely to be able to bring claims individually due to lack of resources, who are unlikely to learn of the case from others because they work in seclusion, and who are unlikely be aware of their rights due to language barriers and lack legal sophistication.

Defendants' independent and intentional actions led to the failure to provide a complete FLSA Notice List. Defendants agreed to provide a list including people who worked more than 40 hours in a workweek but unilaterally and secretively applied an interpretation of "worked" that was contrary to the law and to their own payroll practices. Defendants also worked hard to prevent the Plaintiffs from discovering the truth by obstructing discovery.

Accordingly, the Court has the discretion to and should toll the statute of limitations on the FLSA claims of those putative class members who did not receive the original notice from the date the original notice issued, June 2, 2017, until supplemental notice issues.

**IV. CONCLUSION**

    For all of the foregoing reasons, this Court should order that:

1. Defendants will compile a supplemental FLSA Notice list that includes HHWs who were not on the original Notice List and who worked more than 40 hours per week in a workweek during the period January 1, 2015 through October 13, 2015 when they are given credit for at least 13 hours of work per 24-hour shift, rather than 8 hours;

2. Plaintiffs will issue the original class notice to all persons identified on the supplemental notice list within 10 days of receipt of the list;[4]

3. The FLSA statute of limitations for persons identified on the supplemental class list is tolled for the period commencing with the issuance of the original class notice until the date that the supplemental class notice is issued and that these people benefit from all tolling of limitations that occurred prior to the issuance of the original class notice.

---

[4] The notice need only be changed to indicate the actual date by which responses must be received – i.e. the date 60 days out from the issuance of supplemental notice—and the change in Plaintiffs' Counsel's address. See Dkt. 113-2.

13

May 30, 2018                                Respectfully submitted:

By: */s/ Michael J.D. Sweeney*

Michael J.D. Sweeney, Esq.
msweeney@getmansweeney.com
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street Kinston, NY  12041
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

-and-

Philip Bohrer
phil@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2018, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

      /s/ Michael J.D. Sweeney