UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, Individually and on behalf of others similarly situated, </br></br>Plaintiff,</br></br>vs.</br></br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.</br></br>Defendants. | Case No.: 3:15-cv-01637(JAM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE OF ORAL ARGUMENT AND DECISION ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (DKT 260)**

Philip Bohrer (*pro hac vice*)
phil@bohrerbrady.com
Scott E. Brady (*pro hac vice*)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Hwy., Suite B
Baton Rouge, LA  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

*Counsel for Plaintiffs*

Dan Getman (ct22515)
dgetman@getmansweeney.com
Michael J.D. Sweeney, Esq.
msweeney@getmansweeney.com
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY  12041
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

*Counsel for Plaintiffs*

Defendants' Emergency Motion for Continuance of Oral Argument and Decision on Plaintiffs' Motion for Class Certification (Emergency Motion to Continue) should be denied. Plaintiffs' Motion for Class Certification is fully briefed with argument scheduled for August 22. Although Plaintiffs have moved to add a second New York Class Representative, Defendants' request to continue the Class Certification Motion until they have an opportunity to depose the proposed Class Representative is baseless because the class certification motion is not dependent on a second representative. The current Class Representative, Ms. Mathieu, is an adequate representative for the claims classes she seeks to represent. Plaintiffs' motion to add a second NY Class Representative is a prophylactic measure designed to avoid delay should the current class representative become inadequate at some point in the future. Because the Class Certification Motion is not contingent upon a second NY Class Representative, Defendants' Motion to Continue should be denied.

I. **Procedural History**

Named Plaintiff Kinkead filed this class and collective action on November 10, 2015. Dkt. 1. Since then, Defendants have requested extensions of time eleven times.[1] Plaintiffs' Motion for Class Certification was filed on May 4, 2018, and the motion was fully submitted on July 9, 2018. Dkt. 241. On August 3, 2018, Plaintiffs sought Defendants' consent to filing a second amended complaint to add a second NY Class Representative. Defendants refused to consent on August 9 and Plaintiffs filed their Second Motion to Amend Complaint the following day, August 10. Dkt. 256. The only substantive change sought in the Second Amended Complaint is to add Opt-In Plaintiff Shirley Caillo as an additional Class Representative of the NY Labor Law wage claims set forth in the current complaint. *Id*. at p. 2.

---

[1] See Dkt 11, 28, 58, 60, 67, 71, 84, 105, 207, 212, 260.

## II. Class Certification Is Not Contingent Upon the Addition of a Second NY Class Representative

As explained in Plaintiffs' Reply in support of Class Certification, certification of the New York Unpaid Hours and Effective Date Classes is appropriate because Plaintiff Mathieu is an adequate representative of the New York Classes based on her claim that she is entitled to 24 hours pay per 24-hour shift. See, Plaintiffs' Reply Memorandum in Support of Class Certification, Dkt. 241, at 8-9. Ms. Mathieu's claim that Defendants are required to pay for all hours of a 24-hour shift is consistent with the unanimous decisions in the only three New York State Appellate Court decisions to address the issue. See, *Moreno v. Future Care Health Servs., Inc.*, 153 A.D.3d 1254, 1255 (N.Y. App. Div. 2d Dept. 2017) (finding that NY Law requires non-residential HHWs must be paid for all 24-hours of a 24-hour shift); *Andryeyeva v. New York Health Care, Inc.*, 153 A.D.3d 1216, 1219 (N.Y. App. Div. 2d Dept. 2017) (same); *Tokhtaman v. Human Care, LLC*, 149 A.D.3d 476, 477 (N.Y. App.Div. 1st Dept. 2017) (same).[2] Defendants' position that Ms. Mathieu is only entitled to compensation for 13 hours of a 24-hour shift is just an argument on the merits of her claim that does not in any way invalidate her adequacy as a class representative. As Ms. Mathieu is an adequate representative at this point, the Class Certification Motion is not contingent on adding a second NY Class Representative.

Even if Mathieu were to become an inadequate representative at some point in the future,[3] certification remains appropriate now because there are other plaintiffs in the case—such as Ms. Caillo, the proposed second NY Class Representative—who worked more than 40 hours

---

[2] The issue of whether Defendants have to pay for 13 or 24 hours may be resolved before this Court reaches it. The issue is fully briefed before the New York Court of Appeals with oral argument expected in the fall of this year. See *Moreno v. Future Care Health Services, Inc.*, APL-2018-00039 (NY 2018).

[3] For example if in the future, the New York Court of Appeals rules on the 24-hour/13-hour issue in the *Moreno* case currently pending before it, or if that issue is ultimately determined against Ms. Mathieu at trial or on summary judgment.

in a week at 13 hours per 24-hour shift who could be substituted for Plaintiff Mathieu. Rather than risk the delay that would be involved if such substitution were to become necessary down the road, Plaintiffs have moved, out of an abundance of caution, to add Ms. Caillo as an additional New York Class Representative now. Ms. Caillo worked sufficient shifts to have unpaid overtime even under Defendants' 13 hour/24-hour shift interpretation of New York Labor Law. Dkt. 256-1, SAC at ¶ 6.

The Rule 23(a) and (b)(3) class certification issues would not change with the addition of Ms. Caillo as a NY Class Representative. The New York Class Claims are based on Defendants' pay practices, i.e., Defendants paid NY Class Members for only 8 hours of each 24-hour shift and NY Law requires compensation for all 24 hours of a 24-hour shift. The payroll practices are shown in Defendants' payroll records. Those records show when each NY Class Member began and ended each shift, how many work hours Defendants credited for each shift, and what wages they were paid for each shift. Ms. Mathieu and Ms. Caillo make the same claim—that those records show that Defendants violated NY Law by not paying wages for all hours worked and not paying overtime for hours worked over 40 in a week. Ms. Mathieu claims that she worked three 24 hour shifts and should have been paid for 72 hours of work. Ms. Caillo claims that she worked two 12-hour shifts and two 24-hour shifts and should have been paid for 72 hours. Dkt. 256-1 at ¶6.

Accordingly, Plaintiffs' Class Certification Motion is not contingent on Plaintiffs' Motion to add Ms. Caillo as a Class Representative and should not be continued.

**III.   Defendants' Reasons for Delaying the Class Certification Motion Are Spurious**

Neither Ms. Mathieu's adequacy to represent the NY Class nor a deposition of Ms. Caillo are reasons to delay the class certification argument.

Defendants are wrong in their statement that Ms. Mathieu does not have viable overtime claims. As explained above, she has overtime claims based on the current New York law requirement that employers pay for all 24 hours of a 24-hour shift.  Defendants' claim that she is only entitled to 13 hours per shift is contrary to all three unanimous New York State Appellate Court decisions to address the issue. See, *Moreno,* 153 A.D.3d 1254; *Andryeyeva*, 153 A.D.3d 1216; *Tokhtaman,* 149 A.D.3d 476. It can hardly be said that Ms. Mathieu has not stated a viable claim to overtime.

Defendants do not need to depose Ms. Caillo to address class certification issues at oral argument. Ms. Mathieu brought the New York Class Claims.  The issue of her adequacy to represent the New York classes has been fully briefed and Defendants will have the chance to address it at oral argument. Plaintiffs seek to amend the Complaint to add Ms. Caillo as a NY Class Representative out an abundance of caution to avoid delay should a change in circumstance render Ms. Mathieu become inadequate in the future.  But that change in circumstance has not, and may never occur so it is no reason to delay the hearing.  Ms. Caillo's adequacy is not at issue for class certification at this point.[4]

## IV.   Additional Delay Is Prejudicial to the Class

Plaintiffs oppose delaying the hearing because this case has already been pending for more than 32 months.  With each passing month the putative class members who have left Defendants' employ further disperse making it more difficult to contact them should the class be certified. See, Dkt. 76 at fn. 3 (recognizing the concern that delay makes home health workers more difficult to locate). Although limitations is tolled for the class, there is no guarantee when a new hearing could be scheduled and Defendants will no doubt insist upon additional discovery

---

[4] Defendants have already produced Ms. Caillo's personnel file and wage-and-hour records. Plaintiffs have offered to produce Ms. Caillo for deposition if Defendants believe it necessary to oppose the Plaintiffs' Motion to Amend the Complaint.

and briefing that will further delay the matter. Accordingly, the Court's and Plaintiffs' interest in providing actual notice to the maximum number of class members counsels in favor of going forward with the current hearing.

Plaintiffs respectfully request that the Defendants' Emergency Motion to Continue be denied because the Class Certification Motion is not contingent upon amending the Complaint.

August 16, 2018

Respectfully submitted:

By: */s/ Michael J.D. Sweeney*

Michael J.D. Sweeney, Esq.
msweeney@getmansweeney.com
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street, Kingston, NY  12041
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

-and-

Philip Bohrer
phil@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

*Counsel for Plaintiffs*