## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD and : <br> CLAUDE MATHIEU, individually : <br> and on behalf of all others similarly, : <br> situated, : <br>        Plaintiffs, : <br>   v. : <br> : <br> HUMANA, INC., HUMANA AT HOME, : <br> INC., AND SENIORBRIDGE FAMILY : <br> COMPANIES (CT), INC., : <br>        Defendants. : | CIVIL CASE NO.: 3:15-CV-01637 (JAM) |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION

  Defendants respectfully notify the Court of the attached memorandum from the New York State Department of Labor ("NYSDOL"), which was recently obtained pursuant to New York's Freedom of Information Law. The Court should defer to the NYSDOL's interpretation of the effective date of the Final Rule under New York law. *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 972 N.Y.S.2d 191, 995 N.E.2d 153 (2013). Thus, this Court should deny Plaintiffs' motion as to the New York classes to the extent the classes are inconsistent with NYSDOL's interpretation.

               Respectfully Submitted,

               DEFENDANTS, HUMANA, INC.,
               HUMANA AT HOME, INC., AND
               SENIORBRIDGE FAMILY COMPANIES
               (CT), INC.

    By: */s/ David R. Golder*
       David R. Golder (ct 27941)
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT  06103
       Tel:  (860) 522-0404
       Fax:  (860) 247-1330
       golderd@jacksonlewis.com

New York State Department of Labor
W. Averell Harriman State Office Campus
Building 12, Room 532, Albany, NY 12240
www.labor.ny.gov
(518) 457-2460

*Memorandum*

To: All Staff
Cc: Jim Rogers
From: Maura McCann, Acting Director
Date: December 29, 2015
Subject: Federal Regulations Update

Effective October 13, 2015, Federal Regulations no longer exempt from overtime pay, home health aides and companions employed by agencies. The revised Federal Regulations now limit overtime exemptions for companionship services and live-in (residential) domestic service employees to the individual, family, or household using the services. Therefore, other employers and joint employers of home health aides and companions cannot consider these employees exempt under the Federal rules.

New York State conforms to Federal regulations in this area. As a result, employers of these employees must pay overtime at 1.5 times the regular rate of pay for overtime hours worked.

This Federal rule change does not affect Labor Standards current policies and practices regarding hours worked for resident-employees, sleep time, or overtime hours for residential employees. While this Federal rule change affects public employees, the Division only has authority to enforce the new overtime requirements in the private sector.

In addition, the protections offered by Domestic Workers' Bill of Rights of 2010 (DWBOR) are expanded as a result of this change and now cover employees of agencies. Therefore, Labor Standards will enforce these provisions for all domestic workers except those excluded under § 2.16 (a) and (o).

```
16. "Domestic worker" shall mean a person employed in a home or residence for the
purpose of caring for a child, serving as a companion for a sick, convalescing
or elderly person, housekeeping, or for any other domestic service purpose.
"Domestic worker" does not include any individual (a) working on a casual
basis, (b) who is engaged in providing companionship services, as defined in
paragraph fifteen of subdivision (a) of section 213 of the fair labor standards
act of 1938, and who is employed by an employer or agency other than the family
or household using his or her services, or (c) who is a relative through blood,
marriage or adoption of: (1) the employer; or (2) the person for whom the worker
is delivering services under a program funded or administered by federal,
state or local government.
```

NEW YORK STATE OF OPPORTUNITY | Department of Labor

FL-18-0532   000001

As of January 1, 2016, New York State will accept complaints involving overtime underpayments for any period starting on or after October 13, 2015. Complaints for protections required by the DWBOR should be reviewed carefully before proceeding.

Many more questions may arise because of this rule change, so please seek assistance from supervision before attempting to answer questions beyond what is included in this memo.

LS 15 – OP 9

2

NEW YORK STATE OF OPPORTUNITY Department of Labor

FL-18-0532   000002

## CERTIFICATION OF SERVICE

      I hereby certify that on November 14, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                      */s/ David R. Golder*
                                      David R. Golder

4849-8664-3834, v. 2