UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD *et al.*, *individually and on behalf of all others similarly situated*,<br>    Plaintiffs,<br><br>v.<br><br>HUMANA AT HOME, INC. *et al.*,<br>    Defendants. | No. 3:15-cv-01637 (JAM) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION, AND APPROVAL OF NOTICE

After considering the Joint Motion for Preliminary Approval of Settlement, the Memorandum in support of the Motion, the Settlement Agreement and all related documents, the record of this civil action, the representations and argument of Class Counsel and Counsel for Defendants, and the applicable law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure:

The Court hereby certifies, for settlement purposes only, the following Classes:

"**NEW YORK STATE LAW SETTLEMENT CLASS**" comprised of all persons employed in New York in a HOME HEALTHCARE WORKER POSITION for Humana, Inc., Humana at Home Inc. and Seniorbridge Family Companies Inc. during the period from November 10, 2009 to November 30, 2020 who worked at least one 24-hour live-in shift and who did not exclude themselves pursuant to the initial class notice. The names of these class members are set forth in Ex. B to the Settlement Agreement. The Class also includes the Estate Representatives of deceased class members listed on Ex B, if any.

"**CONNECTICUT STATE LAW SETTLEMENT CLASS**" comprised of all persons employed in Connecticut as a HOME HEALTHCARE WORKER POSITION for Humana, Inc., Humana at Home Inc. and Seniorbridge Family Companies (CT), Inc. who (1) during the period from January 1, 2015 to November 30, 2020 worked at least one 24-hour live-in shift, or (2) who worked more than 40 hours in a workweek without proper overtime compensation between January 1, 2015 and October 13, 2015. The names of these

class members are set forth in Ex. C to the Settlement Agreement. The Class also includes the Estate Representatives of deceased class members listed on Ex C, if any.

In so holding, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied and that the Classes are properly certified for settlement purposes only. The Court further finds that expanding the temporal period of the claims of the existing members of the New York and Connecticut unpaid hours classes to include unpaid hours claims accruing between January 26, 2016 and January 1, 2021 and adding unpaid hours claims of 556 additional class members who worked between January 26, 2016 and November 30, 2020 satisfies the requirements of Rule 23(b)(3).

The Court has evaluated the Settlement Agreement in light of the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2nd Cir. 1974) and has determined that the *Grinnell* factors are satisfied for the purposes of this preliminary approval. Accordingly:

**IT IS HEREBY ORDERED** that the Settlement Agreement and the terms and conditions of the settlement set forth therein, and all exhibits attached thereto, are hereby preliminarily approved by the Court as fair, reasonable, and adequate, entered into in good faith, free of collusion, are in the best interest of the classes and are within the range of possible results if the case was litigated;

**IT IS HEREBY FURTHER ORDERED** that the requested service payments, costs, Claims, Administration costs, and Reserve Funds to be deducted from the Gross Settlement Amount for purposes of calculating the Net Settlement Amount, as well as the methodology for allocating the settlement funds among the Participating Settlement Class Members is preliminarily approved as fair, reasonable and adequate. With respect to proposed counsel fees of one-third of the settlement amount, the parties may use that fee for purposes of calculating the Net Settlement

Amount and the preliminary minimum settlement payments; however, the Court will require more information to ensure reasonableness and hourly billing data to conduct a cross-check against lodestar before final approval. *See De los Santos Comonfort v. Servs. Mangia, Inc.*, 2020 WL 5884669, at *2 (S.D.N.Y. 2020); *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437-39 (S.D.N.Y. 2014);

**IT IS HEREBY FURTHER ORDERED** that Daverlynn Kinkead, Shirley Caillo, and Claude Mathieu are adequate class representatives and their nomination to serve in that capacity is hereby APPROVED;

**IT IS HEREBY FURTHER ORDERED** that Philip Bohrer, Bohrer Brady, LLC, Michael J.D. Sweeney and Artemio Guerrero, Getman, Sweeney & Dunn, PLLC, and Edward J. Tuddenham are appointed as Class Counsel;

**IT IS HEREBY FURTHER ORDERED** that Settlement Services, Inc. is hereby approved as the Claims Administrator;

**IT IS HEREBY FURTHER ORDERED** that the form and content of the Notices, Claim Forms and Change of Address forms, which shall be updated by the Claims Administrator to include the date of the Final Fairness Hearing and other deadlines, as well as the manner and method of dissemination of notice, as set forth in the Settlement Agreement, constitute the best Notice practicable under the circumstances and satisfies the requirements of Rule 23 and due process and are hereby APPROVED;

**IT IS HEREBY FURTHER ORDERED** that a Final Fairness Hearing, at which time the Court will consider whether to grant final approval of the Settlement Agreement and the proposed settlement set forth therein, objections to the Settlement Agreement, if any, Class Counsel's requested attorney fees, costs, and service awards, shall be conducted at the Richard C. Lee U.S.

Courthouse, 141 Church Street, Courtroom Three, New Haven, CT 06510, on August 24, 2021 at 3:00 PM. Counsel, class members, and the public may also participate in or view the Final Fairness Hearing via Zoom at the following information:

> Link: https://www.zoomgov.com/j/1606658766?pwd=c29UL051bjcxbmZQN3VmUlE1U2hydz09
> Call-in number: +16468287666,,1606658766#,,,,*439542#
> Meeting ID: 160 665 8766
> Passcode: 439542

Class Counsel shall file a Motion, with supporting memorandum, in support of final approval of the proposed settlement, including attorneys' fees, costs, and service awards, no later than August 10, 2021. Class Counsel and Counsel for Defendants shall be prepared to respond to objections, if any, and to provide other information, as appropriate, bearing on whether the settlement and all of the terms of the Settlement Agreement should be finally approved;

**IT IS HEREBY FURTHER ORDERED** that any objections by Class Members to the fairness or reasonableness of the proposed settlement, Class Counsel's requested fees, costs, or the requested service awards, will be considered if made in writing and mailed to the Claims Administrator, postmarked no later than 60 days from the date of mailing of the Settlement Notice. Any Settlement Class Member who timely provides and serves a written objection may also appear at the Fairness Hearing, either individually or through personal counsel hired at the objector's expense;

**IT IS HEREBY FURTHER ORDERED** that only the 556 additional Settlement Class Members who were not sent the Court's previously approved Notice may opt out of the settlement by mailing to the Claims Administrator a written request to opt out in the manner and form set forth in the Settlement Agreement, postmarked no later than 60 days from the date of mailing of the Settlement Notice.  Such a timely and valid form to opt out shall preclude such Settlement Class Member from participating in the proposed settlement, and such Settlement Class Member

will be unaffected by the Settlement Agreement. Any Settlement Class Member who does not timely submit a valid, written request to opt out will be bound by the Settlement Agreement, if the settlement is finally approved by the Court and the proposed settlement becomes final;

**IT IS HEREBY FURTHER ORDERED** that Claim Forms, for those Settlement Class Members who must submit a Claim Form to be eligible to receive a Settlement Payment, must be submitted to the Claims Administrator either online using the Claim Form provided on the settlement website, or postmarked on or before the 90th day from the date of mailing of the Settlement Notice;

**IT IS HEREBY FURTHER ORDERED** that the Class Action Settlement Qualified Settlement Fund provided for in the Settlement Agreement shall be established as a Qualified Settlement Fund within the meaning of Treasury Reg. Sect. 1.4.68B-1 and pursuant to this Court's continuing subject matter jurisdiction under Treasury Reg. Sect. 1.4.68B-1(c)(1). The Qualified Settlement Fund shall be administered in accordance with the Settlement Agreement;

The Court hereby orders that the Parties comply with the following deadlines, as set forth in the Settlement Agreement:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Defendants provide to Claims Administrator addresses, email addresses, phone numbers, and employee identification (EMPL ID numbers) and Social Security Numbers for each member of the SETTLEMENT CLASSES. §IV B | April 16, 2021 |
| Class Counsel and Defendants pay $17,500.00 each into the Qualified Settlement Fund. § II.F | 10 days after preliminary approval order |
| Claims Administrator disseminates notice. § VII.A | 20 days after preliminary approval order |
| Settlement Class Members deadline to file objections to the Settlement. § VII.B | 60 days after the date notice is sent. |

| | |
|---|---|
| Deadline for Settlement Class Members to opt out of the Settlement. § VII.B | 60 days after the date notice is sent. |
| Deadline for Settlement Class Members to file Claim Forms. § VII.C | 90 days after the date notice was sent. |
| Deadline for Settlement Class Members to cure deficient opt out forms. § VII.E | 70 days after the date notice was sent. |
| Claims Administrator may remail/email/text Settlement Class Members who request the settlement documents. § VII.C | 90 days after notice is sent. |
| Counsel for Defendants provides proof of CAFA notice compliance. Appendix D | 30 days before Final Fairness Hearing. |
| Class Counsel or Counsel for Defendants exercises termination rights. § XVI.B | 7 business days after terminating event occurs. |
| Class Counsel calculates final Settlement Payments § V.C | 10 days before Final Approval Hearing. |
| Class Counsel provides Counsel for Defendants with a list of final Settlement Payments. § V.D | 10 days before Final Approval Hearing. |

Dated at New Haven this 9th day of April 2021.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge