UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVERLYNN KINKEAD, SHIRLEY CAILLO, and CLAUDE MATHIEU, Individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br>vs.<br><br>HUMANA, INC., HUMANA AT HOME, INC., and SENIORBRIDGE FAMILY COMPANIES (CT), INC.<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 3:15-cv-01637(JAM)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING FINAL APPROVAL OF
CLASS AND COLLECTIVE ACTION SETTLEMENT, SERVICE PAYMENTS AND
CLASS COUNSEL'S FEES AND COSTS AND FINAL JUDGMENT**

This matter was set for hearing pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Provisional Certification, and Approval of Notice entered on April 9, 2021.[1]  The Court conducted the Final Fairness Hearing on August 24, 2021, at which time it considered Plaintiffs' Motion for Certification of the Settlement Classes and Final Approval of the Class and Collective Action Settlement and Motion for Final Approval of Service Payments and Class Counsel's Fees and Costs. The Court has considered all pleadings filed in support of final approval of the Settlement, including supporting Declarations and oral arguments of counsel. The Court now hereby finds and concludes as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1) ***Definitions.***  This Order incorporates by reference the definitions, terms and conditions of the Stipulation and Settlement Agreement (Doc. #424-4) ("Settlement Agreement") which

---

[1] Doc. #426.

are fully incorporated in and made part of this Final Judgment and shall have the same meaning as set forth therein.

2) **Jurisdiction.** The Court has jurisdiction over the subject matter of the Settlement Agreement and all Parties in this Litigation.

3) **Settlement Approval.** The Court hereby grants final approval of the Settlement Agreement and, pursuant to Fed. R. Civ. P. 23(e) and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, finds that the settlement satisfies each of the final approval criteria in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), is in the best interest of the Settlement Classes, was the result of extensive arm's length negotiations with the assistance of an experienced mediator, and is fair, reasonable and just. Accordingly, the Settlement Agreement is approved in all respects and shall be consummated in accordance with its terms and conditions. The Parties and the Claims Administrator are hereby directed to perform the terms of the Settlement Agreement.

4) **Class Certification.** The Court confirms and finds that the Settlement Classes satisfy the requirements of Fed. R. Civ. P. 23, as found in the Court's Preliminary Approval Order.[2] Accordingly, the Court hereby grants final certification of the Settlement Classes as defined in the Preliminary Approval Order.[3]

5) **Exclusion from the Settlement Classes.** In accordance with Doc. #379, Molly Green timely requested exclusion from this Litigation. Accordingly, this Final Judgment shall not bind or affect Molly Green.

6) **Objections.** No objections have been filed.

---

[2] *Id.* at 1–2.
[3] *See id.* at 1.

7) ***Class Notice.***  The Court finds that the court appointed Claims Administrator completed the delivery of the Notice packets according to the terms of the Settlement Agreement and the Preliminary Approval Order.  The Court further finds that the Notice:

   A.  Constituted the best Notice practicable under the circumstances, including individual Notice to all class members who were identified on the class notice list;

   B.  Was reasonably calculated under the circumstances to apprise Settlement Class Members of: (I) their rights under the Settlement, including the right to object to any aspect of the proposed settlement and to be excluded from the settlement; (II) their right to appear at the Final Fairness Hearing; (III) The amount of attorneys' fees, litigation expenses, administrative costs and service awards to certain Plaintiffs requested in the Settlement Agreement; (IV) the Released Claims and (V) the binding effect of the Court's the Rulings, Orders and Judgment in this action on all persons who are not excluded from the Settlement Classes;

   C.  Was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with such notice;

   D.  Fully satisfied all the applicable requirements of Fed. R. Civ. P. 23, due process, and the Court's Preliminary Approval Order;

E.  Fully satisfied the Federal and State official notification requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b).[4]

8) ***Release.*** Defendants and the Released Persons are hereby released and forever discharged from any and all of the Released Claims by the Releasing Persons, as set forth in Section XII of the Settlement Agreement.

9) ***Injunction Against Asserting Released Claims.*** All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Released Claims in any court or other forum against Defendants, regardless of whether or not such Settlement Class Member executed a claim form. All Settlement Class Members are bound by the Settlement Agreement and are hereby forever barred and enjoined from taking any action in violation of the Settlement Agreement.

10) ***Service Payments.*** The Court finds the requested Service Payments to the Service Payment Recipients of Twenty Thousand Dollars ($20,000.00) for each of the named Plaintiffs Daverlynn Kinkead, Shirley Caillo and Claude Mathieu and Ten Thousand Dollars ($10,000.00) for each of the opt-ins who assisted with depositions and discovery Maxwell Antwi, Jeanne Keller, Joan Morant, and Ruth Ann Shaw, are fair and reasonable and are hereby approved.

11) ***Final Effective Date.*** If, for any reason, the Final Effective Date does not occur, the Settlement Agreement shall be deemed null and void (except for any part that expressly survives termination) and the Settlement Agreement, this Order and any other Court Orders related to the Settlement shall not be used or admissible in any other proceedings with

---

[4] *See* Doc. #428 (Defendants' Notice of Compliance with Class Action Fairness Act).

respect to any issues therein and this litigation shall proceed as though the Settlement Agreement had not been executed and the Parties shall return to their respective positions prior to execution of the Settlement Agreement.

12) *Allocation and Payment of Settlement Amounts.*  The Court finds that the proposed plan of allocation of the Net Settlement Fund is rationally related to the relative strengths and weaknesses of the respective claims asserted and is fair, reasonable and adequate. The Court approves the reallocation of the unclaimed Net Settlement Funds on a pro-rata basis to the Participating Settlement Class Members.  The Claims Administrator is directed to distribute the Settlement Payments to the Participating Settlement Class Members or, where applicable, the Estate Representative of a deceased Settlement Class Member, within thirty (30) business days of the Final Effective Date.

13) *Cy Pres.*  The parties are hereby directed to file a Motion for approval of *Cy Pres* recipient for the distribution of any monies remaining in the Reserve Fund (if any) no later than one hundred fifty (150) calendar days after mailing of the Settlement Payments.

14) **Attorney Fee**.  Having considered the factors enumerated in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), and having conducted a "cross-check" of Class Counsel's requested fee award using the lodestar method, *ibid.*, the Court hereby concludes that Class Counsel's requested fee award of $5,666,666.67 is fair and reasonable and is therefore approved.

15) **Costs and Expenses**.  The Court hereby concludes that Class Counsel's costs of $75,000.00 and the Claims Administrator's costs of $50,000.00 are fair and reasonable and are hereby approved.

16) **_Payment of Class Counsels' Attorney Fees, Costs and Expenses_**. The Claims Administrator shall pay Class Counsel's fees and costs, as approved herein, in the form and manner provided in the Settlement Agreement.

17) **_Continuing Jurisdiction Without Affecting the Finality of this Final Judgment._** The Court retains continuing jurisdiction over (a) implementation and administration of the Settlement Agreement, distribution of the Settlement Payments, Service Payments and Class Counsel's Fees, Costs and Expenses until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed and (b) over all Parties to this Litigation and the Settlement Class Members for the purpose of enforcing and administrating the Settlement Agreement.

18) **_Dismissal with Prejudice._** The Court hereby dismisses this Litigation and all of the claims asserted herein against Defendants, with prejudice.

19) **_Final Judgment._** The Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and directs the Clerk to enter this Final Judgment pursuant to Fed. R. Civ. P. 58 forthwith. Neither appellate review, nor modification of the distribution of the Settlement Payments nor any action in regard to the award of Class Counsel's Fees, Costs and Expenses shall affect the finality of any portion of this Judgment, nor delay the Final Effective Date of the Settlement Agreement and each shall be considered separate for the purpose of appellate review of this Order.

It is so ordered.

Dated at New Haven this 26th day of August 2021.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge